## SUPREME COURT—IN BANCO.

### APIRL TERM—1873.

*Allen, Ch. J., Hartwell and Widemann, J. J.*

### THE KING *vs.* NAHAKUALII.

AN INDICTMENT may be good although the. words of the statute are not used, provided apt and sufficient words are used in describing the alleged offence to show that it necessarily comes within the class of offences described in the statute and contains all the ingredients of the offence charged.

The prisoner was indicted and found guilty at the last term of this Court, before HARTWELL, J., on the charge that he " did falsely, fraudently, and feloniously forge and counterfeit a certain deed of conveyance of real estate purporting to be made by one Kauahiopelekane to one Kalauawa," which deed is set forth in the indictment, "with the intent then and there to deceive Kaai, Keau, Kalaniumi and Kauahiopelekane, the heirs at law of said Kauahiopelekane, and to deceive them in their rights of property." A motion in arrest of judgment was made on the ground that the indictment is bad in failure to aver the "intent to prejudice," as well as deceive. The motion was denied, and exception to the ruling was taken and allowed.

OPINION OF THE COURT BY HARTWELL, J.

The statute defines forgery as "the fraudulent making or altering a writing with the intent to deceive another and prejudice him in some right." The statute declares that "an intent to deceive is essential to forgery, but it is not essential that any should in fact be thereby deceived." Sects. 1 and 4, Ch. 30, Comp. Penal Code.

An indictment may be good although the words of the statute are not used, provided apt and sufficient words are used in describing the alleged offence, to show that it necessarily comes within the class of offences described in the statute, and contains all the ingredients of the offence charged.

The gist of this offence, say counsel, is an intent to prejudice, and an intent to deceive, they think, does not necessarily show an intent to prejudice or defraud. Perhaps one may falsely counterfeit a deed with intent to deceive, without prejudice, but he cannot do that act fraudulently and feloniously, with intent to deceive the rightful heirs of the land pretended to be conveyed thereby, in regard to their rights of property, without actually intending to harm or defraud them. Allegation of false, fraudulent and felonious counterfeiting and forging of a deed of sale of land with the intent to deceive the grantor's heirs in their rights of property, necessarily includes and means an intention to prejudice those heirs. The counterfeiter of such a deed could not be heard to say to the heirs, "I falsely, feloniously and fraudulently forged your ancestor's deed of conveyance of this land, intending thereby to deceive you concerning your rights therein, but 'without prejudice' to any one." In the King *vs.* Ah Lou You, 3 Haw. Rep., it was held that allegation of assaulting a public officer with intent to obstruct him in his duty, was by necessity the same with an additional averment of knowledge that he was such officer. This indictment sufficiently charges a criminal intent to injure the owners of the land.

Exception overruled.

Attorney General A. F. Judd for the Crown.

E. Preston, *contra.*