TERRITORY OF HAWAII v. J. G. HENRIQUES.

Exceptions from Circuit Court, Third Circuit.

Submitted February 26, 1912.          Decided March 5, 1912.

Robertson, C.J., Perry and De Bolt, JJ.

Indictment and information—*common nuisance, sufficiency of infor-
mation for.*

   An information, which charges that defendant did, during a
certain period, continually, wilfully and unlawfully turn loose,
and continually, wilfully, unlawfully and knowingly permit, "cer-
tain dairy cattle" to go abroad, roam about, lie about, graze and
assemble together in and upon a certain public highway, thereby
obstructing, hindering and disturbing the lawful use thereof, and
endangering the safety of the public, is fatally defective, in that
it does not show that defendant was the owner of or had control
over the cattle referred to.

OPINION OF THE COURT BY DE BOLT, J.

At the April, 1911, term of the circuit court of the third
circuit, the deputy county attorney of the County of Hawaii,
William H. Heen, presented by way of information that one
J. G. Henriques, the defendant, at Kealakekua, in the county
and circuit aforesaid, "for and during the period of eighteen
months next preceding the 23rd day of April, A. D. 1911, did
continue and maintain the offense of common nuisance in that
he, the said J. G. Henriques, did at and during the period afore-
said continually, wilfully and unlawfully turn loose and con-
tinually, wilfully, unlawfully and knowingly permit certain
dairy cattle to go abroad, roam about, lie about, graze and as-
semble together in and upon the public highway at said Keala-
kekua, which said public highway runs and lies immediately in
front of the residences there situate of one W. J. Yates, of the
said J. G. Henriques, of one R. Wallace and of one E. E.
Conant, respectively, thereby obstructing the said public high-
way and hindering and disturbing the lawful use thereof and
thereby endangering the safety of the public, to the damage,

annoyance and vexation of all persons then and there being and then and there lawfully using the said public highway, contrary to the form of the statute in such cases made and provided."

The defendant demurred to the information on the grounds that it did "not contain allegations sufficient to constitute a valid charge of any criminal offense by this defendant, or the violation by defendant of any penal statute of the Territory of Hawaii, or of any ordinance of the county of Hawaii." The demurrer being overruled the defendant excepted, and thereupon he pleaded "not guilty" and went to trial. Considerable evidence was adduced by the prosecution, but none on behalf of the defendant. The jury returned a verdict, finding the defendant guilty of common nuisance in the first degree. The court sentenced the defendant to pay a fine of $100 and costs.

The information is based upon section 3130 of the Revised Laws, which, omitting the examples therein given, reads: "The offense of common nuisance is the endangering of the public personal safety or health, or doing, causing or promoting, maintaining or continuing what is offensive, or annoying and vexatious, or plainly hurtful to the public, or is a public outrage against common decency or common morality, or tends plainly and directly to the corruption of the morals, honesty and good habits of the people, the same being without authority or justification by law."

The defendant brings the case to this court upon eighteen exceptions, but in the view we take of the exception to the order of the court in overruling the demurrer to the information it will not be necessary to consider the other exceptions.

The demurrer challenges the legal sufficiency of the information as a criminal charge. It presents the question as to whether the information sets forth facts sufficient to constitute the offense of common nuisance as against the defendant.

The defendant contends that the information is fatally defective in that it does not state that the cattle therein referred

to were his, or that they were in anywise under his control, and that everything alleged in the information might well be true, and still not constitute the offense of common nuisance as charged. This contention, in our opinion, is sound. It is necessary in this, as in all other criminal offenses, that the indictment, information or complaint, set forth all the essential facts, ingredients and elements of the offense charged, with certainty, and describe and identify the same sufficiently to put the defendant on notice as to what he is required to defend. 29 Cyc. 1281, 1282; 12 Cyc. 324, 325; 22 Cyc. 293-296; 2 Bish. New Crim. Proc. §865. "An accusation of crime should not be in doubtful terms, or in outline indistinct, but it should be what our cultivated science of pleading has in fact required; namely, to employ its own word, 'certain.'" 1 Id. §323. "All the ingredients which enter into the offense, whether set down in the statute in terms or interpreted into it, must be stated." Id. §612. "The elements from interpretation of the statute must be just as much covered by the indictment as those in its words." Id. §626.

The force and application of this rule, requiring that all the essential ingredients of an offense charged shall be alleged, was recognized in the case of *The King v. Nahakualii,* 3 Haw. 472, 473, wherein the court said: "An indictment may be good although the words of the statute are not used, provided apt and sufficient words are used in describing the alleged offense, to show that it necessarily comes within the class of offenses described in the statute, and contains all the ingredients of the offense charged."

Ownership or control of the cattle was an essential ingredient of the offense charged and should have been alleged, not merely by implication or intendment, but clearly, directly and positively. Suppose the cattle had belonged to a third party and the defendant, finding them entering his premises from the public highway, turned them out upon the public highway and thus permitted them to go abroad and obstruct the public

highway, could it be claimed with any show of reason that he thereby committed the offense of common nuisance? See 2 Am. & Eng. Ency. of Law, 357; 2 Cyc. 378. Therefore, if one has the lawful right to drive animals so trespassing from his premises, it follows, necessarily, that in order to constitute the offense of common nuisance the cattle so turned out upon the public highway and permitted to go abroad must have belonged to or have been under the control of the person turning them out.

Inasmuch as the ownership or control of the cattle so turned out and permitted to go upon the public highway is an essential ingredient of and necessary to be alleged in the indictment, information or complaint charging the offense of common nuisance in a case like the one at bar, and to be proven by the prosecution as alleged, it is obvious that the lack of such ownership or control is not, as the prosecution seems to contend, a mere matter of defense to be shown by the defendant on the trial. It is proper to observe that the defendant during the progress of the trial in the lower court duly objected to all evidence offered by the prosecution tending to show ownership of the cattle in himself, on the ground that such fact was not alleged. His objections, however, were overruled.

The exception as to the overruling of the demurrer, for the reasons stated, is sustained. The verdict and judgment are set aside and the defendant is granted a new trial.

*E. W. Sutton, Deputy Attorney General,* for the Territory.
*C. W. Ashford* for defendant.