TERRITORY OF HAWAII *v.* MINOR LII.

NO. 2880.

ARGUED JUNE 6, 1952.                    DECIDED OCTOBER 29, 1952.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

OPINION OF THE COURT BY TOWSE, C. J.

The plaintiff in error was indicted upon two counts of procuring and pimping under section 11676 of the Revised Laws of Hawaii 1945. A motion to elect was granted, and the Territory elected to proceed under the second count. Plaintiff in error then moved that the Territory elect upon

which of the two offenses in said count two it would rely at trial. This motion was denied. Thereafter a special plea in bar to the indictment was made in open court upon the grounds: that the same complaining witness and defendant appeared in the United States District Court for the Territory of Hawaii in criminal proceeding number 10419; that the defendant was indicted and convicted of essentially the same offense in that proceeding as herein; and that the same evidence was to be presented in the instant proceedings as was presented in the federal trial. The plea in bar was denied. Following trial upon the second count the defendant was found guilty as charged.

The material facts developed at trial were that one Sarah Wright arrived in Honolulu from San Francisco by plane accompanied by the defendant and his wife. On that evening Lii inquired whether she was willing to commence work. She advised him she was not. During the following two days however she did in fact work as a prostitute in a small room off the garage at his residence from approximately four p.m. until midnight. In the scheduled arrangement Lii would meet the customer, collect the money, direct him to wait in a room, and then proceed to another house on the premises to summon a prostitute. She would then proceed to the room and engage in prostitution with the waiting customer. This procedure would continue until midnight, at which time Lii and his wife met with the prostitutes and distributed the nightly proceeds upon a fifty-fifty basis.

Eleven errors are assigned. Of these, by abandonment of five assignments and by consolidation of others, four specifications remain.

Plaintiff in error asserts reversible error in the trial court's denial of the motion that the Territory be compelled to elect upon which of the two offenses alleged in count two it would rely at trial, contending that it charges two

separate and distinct offenses: first, that the defendant did: "induce, compel, and procure a certain female named Sarah Wright to practice prostitution"; and second, that the defendant did: "induce, compel and procure a certain female named Sarah Wright to hold herself out as a prostitute."

Section 11676 of the Revised Laws of Hawaii 1945, as amended, reads: "Procurers, pimps, defined; penalty. Whoever induces, decoys, procures or compels any female against her will to have sexual intercourse with any person other than himself; whoever induces, compels or procures any female to practice prostitution, or to hold herself out as a prostitute, with the intent thereby to obtain and secure from the female any portion of the gains earned by her in such practices; whoever assumes, or asserts or exercises authority or power to advise, direct. or compel any woman to practice prostitution or hold herself out as a prostitute, or to live in a house or place for the practice of prostitution, with intent to participate in, and to obtain any portion of the gains arising from such lewd practices; whoever knowingly accepts, receives, levies or appropriates any money or other thing of value, without consideration, from a prostitute or from the proceeds or earnings of any woman engaged in prostitution, shall be deemed a procurer or pimp, and upon conviction thereof shall be fined not more than five hundred dollars nor less than one hundred dollars or be imprisoned at hard labor not more than five years, or be punished by both fine and imprisonment."

The material allegations of count two charge: "* * * that Minor Lii, at the City and County of Honolulu, Territory of Hawaii, and within the jurisdiction of this Honorable Court, on the 11th day of October, 1950, wilfully, unlawfully and feloniously did induce, compel and procure a certain female named Sarah Wright, to practice prosti-

tution, and to hold herself out as a prostitute, with intent in him, the said Minor Lii, thereby to obtain and secure from said Sarah Wright, a portion of the gains earned by her, the said Sarah Wright, in such practice of prostitution and holding herself out as a prostitute, and did then and thereby commit the crime of procuring and pimping * * *."

The statute enumerates the acts specified in the disjunctive. It denounces the several acts as crimes, the different acts enumerated being connected by the disjunctive "or." Count two charges those several acts in the conjunctive. Section 10804 of the Revised Laws of Hawaii 1945 provides: "In an indictment for an offense which is constituted of one or more of several acts or which may be committed by one or more of several means or with one or more of several intents or which may produce one or more of several results, two or more of those acts, means, intents or results may be charged in the alternative."

*Blain* v. *United States,* 22 F. (2d) 393, a prosecution under the White Slave Traffic Act, section 2 (18 U. S. C. § 398), was decided upon facts similar to those here presented. That Act recites the separate acts constituting an offense under its provisions in the disjunctive. The pertinent portions read: "That any person who shall knowingly transport or cause to be transported, or aid or assist in obtaining transportation for, or in transporting, in interstate * * * commerce * * * any woman or girl for the purpose of prostitution or debauchery * * * or with the intent and purpose to induce, entice, or compel such woman or girl to become a prostitute or to give herself up to debauchery, or to engage in any other immoral practice * * * whereby any such woman or girl shall be transported in interstate * * * commerce * * * shall be deemed guilty of a felony * * *." (18 U. S. C. § 398.)

The indictment in the *Blain* case read in part: "That one Lovel A. Blain * * * did unlawfully, wilfully, knowingly, and feloniously transport and cause to be transported, and aid and assist in obtaining transportation for, and in transporting a certain woman, to wit, Willie Bragg, from * * * for the purpose of prostitution and debauchery, to wit * * * and with the intent and purpose on the part of the said Lovel A. Blain to induce, entice, and compel the said Willie Bragg to give herself up to the practice of prostitution and debauchery, and other immoral practices, to wit * · * * and whereby the said woman, Willie Bragg, was transported in interstate commerce from * * *." It was contended that the indictment alleged first, a transportation for the purpose of debauchery and an enticing and compelling of a female to surrender to debauchery; and second, that the allegation: "transport and cause to be transported, and aid and assist in obtaining transportation for, and in transporting" rendered it fatally duplicitous. In disposing of this contention the court noted: "* * * A careful reading of the indictment shows that but one offense is charged, viz. one transportation, and that this charge is followed by setting out two purposes. This does not make the indictment duplicitous * * *. The language used simply covers several means or modes of accomplishing one result. This does not render the indictment duplicitous." The federal rule applied in the *Blain* case, *supra,* is in our opinion determinative of the issue presented under the provisions of our statute (R. L. H. 1945, § 11676.)

"The statute [18 U. S. C. § 495] was directed against certain defined modes for accomplishing a general object, and declared that the doing of either one of several specified things, each having reference to that object, should be punished by imprisonment * * *. We perceive no sound reason why the doing of the prohibited thing, in each and

all of the prohibited modes, may not be charged in one count, so that there may be a verdict of guilty upon proof that the accused had done any one of the things constituting a substantive crime under the statute. And this is a view altogether favorable to an accused, who pleads not guilty to the charge contained in a single count; for a judgment on a general verdict of guilty upon that count will be a bar to any further prosecution in respect of any of the matters embraced by it." (*Crain* v. *United States,* 162 U. S. 625, 636.)

"This particular offense was not known at common law. Being a statutory crime, the indictment must follow the statute creating the offense. The exception is that, if the statute denounces several things as a crime, the different things thus enumerated in the statute being connected by the disjunctive 'or', the pleader must connect them by the conjunctive 'and' before evidence can be admitted as to more than the one act * * *. To charge the one thing *and* another does not render the indictment bad for duplicity, and a conviction follows if the testimony shows the defendant to be guilty of either the one *or* the other thing charged." (*Ackley* v. *United States,* 200 Fed. 217, 221, and authorities cited.)

"Where a statute denounces several things as a crime and connects them with the disjunctive 'or', the pleader, in drawing an indictment, should connect them by the conjunctive 'and'. An indictment so drawn is not bad for duplicity, and where the testimony establishes the guilt of the defendant as to any one of the things charged conviction may follow." (*O'Neill* v. *United States,* 19 F. [2d] 322, 324, and authorities cited.)

In the instant proceeding the offense alleged is that of procuring or pimping, and the wording of the indictment "induce, compel and procure" and "to practice prostitution and to hold herself out as a prostitute" alleges alter-

nate modes of accomplishing the general object of soliciting for the purpose of practicing prostitution. Such language does not render the indictment duplicitous.

Plaintiff in error contends that the special plea in bar should have been sustained. The guarantee of the Fifth Amendment that no person shall for the same offense be twice put in jeopardy of life or limb is preserved in section 10661 of the Revised Laws of Hawaii 1945:

"Any person who has been tried and convicted of any offense before a court, tribunal or magistrate having jurisdiction of the case, shall not be subject to subsequent criminal prosecution therefor * * *."

The respective statutes, United States and territorial, under which plaintiff in error was convicted, reveal the gravamen of the federal offense to be the purchase of a ticket for use in transporting a woman in interstate commerce for the purpose of prostitution (18 U. S. C. 2421); whereas section 11676 of the Revised Laws of Hawaii 1945, as amended, is directed at: "* * * whoever induces, compels or procures any female to practice prostitution, or to hold herself out as a prostitute, with the intent thereby to obtain and secure from the female any portion of the gains earned by her in such practices; * * *."

That the requisites necessary to sustain a plea of former conviction are that the offenses be identical not only in law but also in fact is well settled. (*Blockburger* v. *United States,* 284 U. S. 299, 52 S. Ct. 180, 76 L. Ed. 306; *Piquett* v. *United States,* 81 F. [2d] 75, *cert. denied,* 298 U. S. 664, 56 S. Ct. 749, 80 L. Ed. 1388; *Lee Choy* v. *United States,* 293 Fed. 582 [C. C. A. Hawaii 1923]). "* * * The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." (*Blockburger*

v. *United States,* 284 U. S. 299, 304, and authorities cited.)

This court in *Territory* v. *Schilling,* 17 Haw. 249, 255, quoted that rule with approval: "A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."

The Fifth Amendment, having for its objective that no person shall be subjected to punishment for the same offense more than once, does not prohibit presentation of evidence in another and separate trial for a different offense. Neither does the Amendment nor our own statute prohibit successive prosecutions if the alleged wrongful act constitutes separate offenses in violation of two separate and distinct criminal statutes. (*Sims* v. *Rives,* 84 F. [2d] 871, 66 App. D. C. 24, *cert. denied,* 298 U. S. 682, 56 S. Ct. 960, 80 L. Ed. 1402; *Hewitt* v. *United States,* 110 F. [2d] 1, *cert. denied,* 310 U. S. 641, 60 S. Ct. 1089, 84 L. Ed. 1409; *State* v. *Fredlund,* 200 Minn. 44, 237 N. W. 353, 113 A. L. R. 215.) The material allegations of the indictment herein allege "induce, compel and procure * * * with intent in him * * * thereby to obtain and secure * * * a portion of the gains earned by her * * * in such practice of prostitution and holding herself out as a prostitute * * *." The gravamen of the federal indictment, as noted, is the purchase of a ticket for use in transporting a woman in interstate commerce for the purpose of prostitution. The instant indictment is not similar in law or in fact with that under which the plaintiff in error was convicted in the United States District Court for the Territory of Hawaii. The offenses are dissimilar in law. They are dissimilar in fact. The dissimilarity demands independent component elements of proof to support a conviction for each offense. Identity of offense and not of the act

alleged constituting the test of jeopardy, the plea was properly denied.

Plaintiff in error contends that the trial court erred in denying the motion for a directed verdict at the conclusion of the Territory's case and in further refusing the requested instruction of a verdict of not guilty.

The transcript of proceedings below attests in our opinion the correctness of both rulings. The evidence establishes that on arrival in Honolulu Lii asked Sarah Wright if she was ready to work. This quaere together with evidence indicating the nature and purpose of Lii's concerted acts with Sarah Wright lead to but one conclusion, namely, that their association was for the purpose of engaging in the practice of prostitution upon arrival at their Honolulu destination. Sarah Wright further testified that she was taken from the airport to the Lii's home in a taxi in company with plaintiff in error, his wife and others, and that the plaintiff in error paid the taxi fare. She testified that Lii collected the money from the customers before she performed the acts of prostitution, and that upon termination of an evening's business the proceeds were divided by Lii upon a fifty-fifty basis, in the presence of both of the Liis. She further testified upon the method of conducting the business and the role performed therein by Lii; that he was the sole source of customers; that Lii collected and distributed the proceeds; that he summoned and directed the prostitutes from the main house to the room off the garage; that he confirmed prepayment by displaying the money paid in the presence of the customers to indicate his good faith in dividing the proceeds; and that he retained exclusive control of the nightly proceeds prior to distribution.

The foregoing constitutes substantial evidence upon the issue of "induce, compel and procure [Sarah Wright] to practice prostitution and to hold herself out as a pros-

titute." There is also ample proof that Lii's directory role in the facts established were with the intent to participate in the proceeds of her practices. Upon that evidence, this court will not disturb the finding of the trial jury. (*Territory* v. *Chung Nung,* 21 Haw. 214; *Territory* v. *Lam Bo,* 23 Haw. 718; *Rep. Haw.* v. *Yamane,* 12 Haw. 189; *Territory* v. *Ebarra et als.,* 39 Haw. 488.)

Plaintiff in error contends that the trial court erred in refusing to admit defendant's exhibits "A," "B," and "C," for identification, offered by way of impeachment to establish an alleged immunity from prosecution granted to Sarah Wright, the Territory's only witness, in other and unrelated criminal proceedings. The exhibits consisted of the records of two proceedings in the district court of Honolulu entitled "Territory of Hawaii v. Sarah Lee Wright," and the calendar of that court for April 2, 1951. The offers were refused upon the grounds that those proceedings were irrelevant to the issues at trial and constituted purely collateral matters.

The test of admissibility of offers of this nature is that they bear an open and visible relevancy to the evidentiary facts sought to be established. While this requirement does not demand such proximity of relevancy as will exclude presumptive evidence, it nevertheless requires that such evidence not be latent or conjectural. (*State* v. *Wilson,* 231 P. [2d] 288 [Wash. 1952]; see also *Hitzelberger* v. *State,* 174 Md. 152, 197 Atl. 605; *The King* v. *Paakaula,* 3 Haw. 30.) Plaintiff in error was not a party of record to the proceedings referred to in the exhibits nor, as we interpret the record before us, was he mentioned or referred to therein. They bore no visible relevancy to the issues before the court in the proceedings below. The relation of the exhibits to those issues, as we perceive them, was purely latent and conjectural; and admissibility of facts collateral to those issues resting in the discretion

of the trial judge, we find no abuse of that discretion. They were properly excluded. (*Pearsons* v. *State,* 182 Md. 1, 31 A. [2d] 624.)

Judgment affirmed.

*O. P. Soares* (also on the briefs) for plaintiff in error.

*J. H. Kamo,* Assistant Public Prosecutor (also on the brief), for defendant in error.

