Stanley Wallace **CARLSON**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 17259.

United States Court of Appeals
Ninth Circuit.

Nov. 8, 1961.

As Amended Dec. 12, 1961.

Wolver & Wolver, Los Angeles, Cal., and Bruce McMullen, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Division and William Dougherty, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES, HAMLEY and JERTBERG, Circuit Judges.

HAMLEY, Circuit Judge.

Stanley Wallace Carlson was charged, tried, convicted and sentenced under an information which, as amended, alleged that, on or about June 16, 1960, and in violation of 18 U.S.C.A. § 35, he:

"* * * did wilfully impart and convey to Gayle Zimmer, a stewardess, false information concerning an alleged attempt being made to wilfully place a destructive substance, to wit: explosives, upon American Airlines Flight number 8, a civil aircraft used, operated and employed in interstate commerce, well knowing such information to be false."

Appealing to this court Carlson contends, among other things, that the information, as amended, does not charge a crime. Although the asserted defect in the information was not brought to the attention of the district court it may nevertheless be urged on appeal as a ground for reversal. Rule 12(b) (2), Federal Rules of Criminal Procedure, 18 U.S.C.A.; Hotch v. United States, 9 Cir., 208 F.2d 244, 250.

An indictment or information does not charge a crime, and a conviction based thereon cannot stand, if there is not set forth in such indictment or information the elements of the offense sought to be charged. United States v. Debrow, 346 U.S. 374, 376, 74 S.Ct. 113, 98 L.Ed. 92; Salinas v. United States, 9 Cir., 277 F.2d 914, 916; Drown v. United States, 9 Cir., 198 F.2d 999, 1005.

In order to determine the elements of the offense sought to be charged in this case it is necessary to examine 18 U.S.C.A. §§ 32 and 35. Section 35, cited in the information, reads as follows:

"Whoever willfully imparts or conveys or causes to be imparted or conveyed false information, knowing the information to be false, concerning an attempt or alleged attempt being made or to be made, to do any act which would be a crime prohibited by his chapter or chapter 97 or chapter 111 of this title—

"shall be fined not more than $1,000, or imprisonment not more than one year, or both."

The elements of the offense described in section 35 are therefore as follows:

(1) wilfully imparting or conveying information, or causing it to be imparted or conveyed,

(2) concerning an attempt or alleged attempt being made or to be made to do an act which would be a crime prohibited by chapters 2, 97 or 111 of Title 18,

(3) such information being false and known to be false.

The information quoted at the outset of this opinion unquestionably sets forth the first and third of these three elements. The question is whether the second element is sufficiently described by these words of the information:

"* * * concerning an alleged attempt being made to wilfully place a destructive substance, to-wit: explosives, upon American Airlines Flight number 8, a civil aircraft used, operated and employed in interstate commerce."

The words last quoted are sufficient to describe the second element referred to above if (to quote the phraseology of that element) the false information, as therein described, was to the effect that an attempt or alleged attempt, was being made, or would be made, to do "an act which would be a crime prohibited by chapters 2, 97 or 111 of Title 18." We can limit our attention to the crimes described in chapter 2, which concerns aircraft, because chapter 97 concerns railroads and chapter 111 concerns shipping.

The applicable portions of chapter 2 are the first three paragraphs of 18 U.S.C.A. § 32, which read as follows:

"Whoever willfully sets fire to, damages, destroys, disables, or wrecks any civil aircraft used, operated, or employed in interstate, overseas, or foreign air commerce; or

"Whoever willfully sets fire to, damages, destroys, disables, or wrecks any aircraft engine, propeller, appliance, or spare part with intent to damage, destroy, disable, or wreck any such aircraft; or

"Whoever, with like intent, willfully places or causes to be placed any destructive substance in, upon, or in proximity to any such aircraft, or any aircraft engine, propeller, appliance, spare part, fuel, lubricant, hydraulic fluid, or other material used or intended to be used in connection with the operation of any such aircraft, or any cargo carried or intended to be carried on any such aircraft, or otherwise makes or causes to be made any such aircraft, aircraft engine, propeller, appliance, spare part, fuel, lubricant, hydraulic fluid, or other material unworkable or unusable or hazardous to work or use; * * *."

The act concerning which false information was given, as alleged in the information (the wilful placing of explosives upon an aircraft) finds its counterpart only in the third paragraph of section 32, quoted above. But, under that paragraph of section 32, the wilful act there described is not a crime unless done "with like intent," namely, the intent stated in the second paragraph of section 32, "to damage, destroy, disable, or wreck any such aircraft; * * *."

This indispensable intent factor of the second element of the crime described in section 35 is wholly missing from the the language of the information. Stated differently, the alleged false information was not (as required in order to constitute an offense) that explosives had been wilfully placed on an aircraft *with intent to damage the aircraft,* but was only that explosives had been wilfully placed on an aircraft.

In arguing for a different construction of these statutes, the government calls attention to the following statement which appears in House Report No. 1979, which accompanied the bill which was enacted as 18 U.S.C.A. §§ 31–75 (1956

U.S.Code Cong. and Adm. News, Vol. II, page 3146):

"The new subsection (j) which the bill would add to section 902 of the Civil Aeronautics Act would penalize the impairing [sic, probably should read 'imparting'] or conveying of information, known to be false, concerning attempts to wreck or destroy air-carrier aircraft or concerning *the existence of circumstances or conditions which are likely to damage such aircraft.* * * * The committee has amended the bill to make it clear that the legislation is intended to cover fictitious reports, as well as false reports that attempts are being made or contemplated." (Emphasis added.)

This would indicate that Congress may have intended to forbid false reports concerning the placing of explosives on an airplane, whatever the intent in so placing them, since regardless of intent the placing of explosives on a plane would constitute "circumstances or conditions which are likely to damage such aircraft." But the difficulty is that this is not the way the statute reads. As before noted, the only false reports which are forbidden by section 35 are those concerning an act "which would be a crime prohibited by this chapter * * *." Since section 35 is a penal statute and must be read strictly, it cannot be enlarged beyond its plain meaning in order to fulfill intentions expressed only in the reports of congressional committees.

While the question here presented seems not to have been dealt with in any previous reported decision, it may be noted that in Smith v. United States, 6 Cir., 283 F.2d 16, 22, the indictment evidences the same construction as we have placed upon the statute. It was there charged that false information was wilfully imparted concerning an attempt and alleged attempt to wilfully place and cause to be placed a bomb in or in proximity to a plane "with intent to damage, destroy, disable and wreck such aircraft, a crime prohibited by Section 32, Title 18 * * *."

 Liberality in testing the sufficiency of an indictment or information applies to matters of form and not of substance. Rule 52(a), Federal Rules of Criminal Procedure, 18 U.S.C.A.; United States v. Tornabene, 3 Cir., 222 F.2d 875, 878. We hold that the information, as amended, does not charge a crime.[1]

 What is said above concerning the elements which must be explicitly described in the indictment or information is not to be confused with the character of evidence necessary to prove those elements. The pleading should have stated expressly that the false information was to the effect that explosives were placed on the aircraft for the purpose of damaging or destroying it. But this does not mean that it must be proved that the informant expressly stated that he had such purpose in placing the explosives on the aircraft. Circumstances may be stated which would warrant the recipient of such false information in inferring that the informant intended to convey the idea that he had such purpose. If the jury agrees that this was a reasonable inference, the offense is proved.

In our case the Government did not contend at the trial that Carlson, expressly or by reasonable inference, stated that the bomb was placed on the aircraft for the purpose of damaging or destroying it. Nor does it now contest appellant's contention that there was no evidence that Carlson, either expressly or by reasonable inference, conveyed the false information that he had placed a bomb on the aircraft with the purpose to damage or destroy it. It follows that even if the information filed against appellant had contained a sufficient statement of the elements of the crime, the element discussed above was not proved.

Reversed and remanded with directions to dismiss the action.

1. Subsequent to the alleged offense involved in this prosecution, 18 U.S.C.A. § 35 was amended. Public Law 87–338, 75 Stat. 751. We express no view as to whether, under the statute as amended, the indictment here in question would have charged a crime.