John DOLACK, Appellant,

v.

UNITED STATES of America, Appellee.

No. 21256.

United States Court of Appeals Ninth Circuit.
April 7, 1967.

Henry John Dolack, Atlanta, Ga., in pro. per.

Herman T. F. Lum, U. S. Atty., Yoshimi Hayashi, Asst. U. S. Atty., Honolulu, Hawaii, for appellee.

Before BARNES, HAMLIN and BROWNING, Circuit Judges.

HAMLIN, Circuit Judge.

On January 12, 1962, an information was filed in the United States District Court for the District of Hawaii against John Dolack, appellant herein, charging a violation of section 1341, Title 18 United States Code.[1] This information is set out in the footnote.[2]

In open court, after being carefully advised of his constitutional rights by the United States District Judge, appellant waived the filing of any indictment by the Grand Jury, stated that he did not want a lawyer, that he understood the charge against him, and that he wanted to enter a plea of guilty. The detailed proceedings are set out in the footnote.[3]

On February 5, 1962, the court after receiving the report of the probation of-

1. 18 U.S.C. § 1341:

"Whoever, having devised or intending to devise any scheme or artifice to defraud * * * for the purpose of executing such scheme or artifice or attempting so to do * * * knowingly causes to be delivered by mail according to the direction thereon, * * * any * * * matter or thing * * *" shall be guilty of a crime.

2. INFORMATION

The United States Attorney Charges:

That on or about December 26, 1961, in the District of Hawaii and within the jurisdiction of this Court, JOHN DOLACK, having devised a scheme to defraud by means of false representations, to-wit, obtaining money and services from the Waikiki Biltmore Hotel by giving said hotel a check in the amount of $99.42 drawn upon the Lincoln Center Office, City National Bank, Beverley Hills, Venice, California, in which bank JOHN DOLACK had no funds and did cause a letter to be delivered by mail for the purpose of executing such scheme, in violation of Section 1341 of Title 18, United States Code.

DATED: January 12, 1962, at Honolulu, Hawaii

HERMAN T. F. LUM
United States Attorney
District of Hawaii
By JOSEPH M. GEDAN
JOSEPH M. GEDAN
Asst. United States Attorney

3. THE COURT: Mr. Dolack, have you received—what is your name?
THE DEFENDANT: Dolack.
THE COURT: How do you spell that?
THE DEFENDANT: D-o-l-a-c-k.
THE COURT: Are you the person just named here?
THE DEFENDANT: Yes.
THE COURT: Named in this Information. Have you seen a copy of it?
THE DEFENDANT: I have.
THE COURT: Have you read it? Do you understand it?
THE DEFENDANT: Yes.
THE COURT: Do you understand that you have a right, if you wish, to wait and see if the Grand Jury brings in an indictment? There is always a chance they might not.
THE DEFENDANT: I understand.
THE COURT: Are you willing to waive that?
THE DEFENDANT: I am.
THE COURT: Of course, you understand that even if you waive the indictment and agree to be charged by information, all your other rights are protected, you can ask for a lawyer, you can get legal advice, you can contest the matter if you wish. You understand that, do you?
THE DEFENDANT: Yes.
THE COURT: Now, has anybody made any promises or threats to induce you to agree to give up the chance that the Grand Jury might not indict you?
THE DEFENDANT: No.
THE COURT: You are doing this of your own free will?
THE DEFENDANT: Yes, sir.
THE COURT: Willingly?
THE DEFENDANT: Yes, sir.
THE COURT: Very well.
MR. GEDAN: Your Honor, inasmuch as the waiver of indictment has a blank for an attorney for the defendant, I don't

ficer, sentenced appellant "to the custody of the Attorney General for imprisonment for the maximum period authorized by law, i. e., FIVE (5) YEARS, and for a study as described in 18 U.S.C. § 4208 (c), the results of such study to be furnished [to the] court within three months, whereupon the sentence of im-

know whether the defendant should express an opinion as to whether he wishes counsel or not.

THE COURT: I might ask you this: You understand that you can get legal advice if you wish, and if you are able to hire an attorney, the Court will give you a chance to hire one, or if you need an attorney and can't pay for one, you can have one furnished to you.

THE DEFENDANT: I have no desire to have one.

THE COURT: Very well. You wish to make this decision without getting legal advice?

THE DEFENDANT: Yes.

THE COURT: Very well. Then if you wish to waive indictment and consent to be charged by Information, you may sign the waiver.

(The defendant signs waiver.)

THE COURT: I didn't actually see the proposed Information before this. Perhaps I should look at it.

You understand, Mr. Dolack, that this involves a crime that you wrote a check on a bank in which you had no account, is that correct? Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Very well. The Court accepts the waiver which has been signed in open court and orders it filed, and the Information may be filed.

MR. GEDAN: Your Honor, we ask leave to file the Information in open court.

THE COURT: The Court orders it filed in open court. Now, the record should show, I think, that an official copy is furnished to the defendant as filed.

MR. GEDAN: Your Honor, may the record show that John Dolack, the person named in the Information, is now before this court and that I am submitting to Mr. Dolack a copy of the Information filed.

THE COURT: It may so show. Now, Mr. Dolack, you have already said you have read the Information. You know what it is, you know what it contains. Do you wish to ask for some time to think this matter over before you make a plea, or to get legal advice?

THE DEFENDANT: No.

THE COURT: Again, I advise you that since the Information has been filed you have a right to ask for a jury trial, you have a right to ask for an attorney to advise you.

THE DEFENDANT: I have no desire for an attorney. I have no desire for a jury trial. I plead guilty.

THE COURT: You do not wish to ask for an extension of time to think this matter over and prepare your case?

THE DEFENDANT: No.

THE COURT: Do you wish to make a plea at this time to the Information?

THE DEFENDANT: Guilty.

THE COURT: Just before we do that, I will ask that the Information be read.

[The Information as set out herein was then read to appellant.]

\* \* \* \* \*

THE COURT: What is the maximum penalty for that offense?

MR. GEDAN: The maximum is five years imprisonment or $10,000.00 fine or both.

THE COURT: Mr. Dolack, do you understand what the maximum possible penalty is for that offense?

THE DEFENDANT: Yes, I do.

THE COURT: Now, in light of that I am again reminding you that if you wish to think the matter over, or to get legal advice, you are entitled to do so. Do you still want to plead at this time?

THE DEFENDANT: I plead guilty.

THE COURT: Very well. What is the plea to the Information, guilty or not guilty?

THE DEFENDANT: Guilty.

THE COURT: Now, before the Court accepts that plea, I again would like to ask you this: Has anyone in the government service threatened you or made any suggestion to you by way of it would be easier on you if you'd do this, or offered you any inducement to plead guilty?

THE DEFENDANT: None whatsoever.

THE COURT: You are doing this of your own free will?

THE DEFENDANT: That's right.

THE COURT: Very well. Then the Court accepts the plea of guilty, and upon the plea finds the defendant guilty as charged. The Court, therefore, refers you, Mr. Dolack, to the Chief Probation officer for a pre-sentence investigation and report.

prisonment [would be] subject to modification in accordance with 18 U.S.C. § 4208(b)."

On May 4, 1962, the court, having received the report of the study prescribed in 18 U.S.C. § 4208(c) but without the appellant being present in court, modified the prior sentence in accordance with 18 U.S.C. § 4208(b) to provide that appellant shall become eligible for parole at such time as the board of parole may determine.

On March 4, 1963, appellant filed a motion to vacate his sentence under 28 U.S.C. § 2255 on the ground, *inter alia,* that he was not present at the time his sentence was modified on May 4, 1962. Counsel was appointed by the court to represent him and a hearing was held on March 14, 1963. The motion was denied one week later.

Thereafter, appellant filed a notice of motion to permit him to file a supplemental affidavit and for reconsideration. The district court permitted the filing of the affidavit and, after reconsidering the matter, reaffirmed its decision.

Appellant then filed an appeal to this court which remanded the case to the district court for resentencing.[4]

On March 9, 1964, the district court, in the appellant's presence, and after giving him an opportunity for allocution, modified his sentence by ordering his commitment to the custody of the Attorney General for imprisonment for two years, eight months; the term running from the original date of the commitment. It was "the intent of [the] court that with credit for good behavior allowable to said defendant, he be released from such custody on or about March 26, 1964."

Appellant admits that he was conditionally released from custody on March 26, 1964, and that his sentence terminated on or about October 4, 1964.

Apparently the appellant did not remain out of jail very long, because in November, 1965, appellant addressed a letter to the United States District Court indicating that he was again in jail under another federal sentence and conviction.[5] He contended that the facts did not justify his conviction upon the charge to which he pleaded guilty in the Hawaii District Court in January, 1962. He asked the district court to "please treat this letter as a motion to vacate the conviction and expunge the record of said conviction and to issue a writ of error coram nobis." The reason for appellant's desire to have the Hawaii conviction set aside is stated in a subsequent letter as follows:

"The question in point, I believe, is not moot. There are outstanding detainers lodged against me from the state of Florida. Florida has an Habitual Criminal Act (Fla. Crim. Proc. 775.09) and I am subject to prosecution under this law."

In no papers filed from 1962 to November, 1965, has appellant ever even intimated that he was not guilty of the charge to which he pleaded guilty. He now contends that because only one check was mentioned in the information and because this check was given after he had received the services of the hotel, he is not and can not be guilty of violating 18 U.S.C. § 1341. In support of his position appellant cites Pereira v. United States, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435; Parr v. United States, 363 U.S. 370, 80 S.Ct. 1171, 4 L.Ed.2d 1277; and Kann

---

4. On December 9, 1963, while the appeal was pending, the Supreme Court decided United States v. Behrens, 375 U.S. 162, 84 S.Ct. 295, 11 L.Ed.2d 224, holding that a defendant has a right to be present in court and make a statement in his own behalf at the time his final sentence is determined pursuant to 18 U.S.C. § 4208 (b). The Behrens case impelled this court to direct that appellant be resentenced.

5. Appellant states in his brief, "Petitioner was arrested and sentenced to five years on November 18, 1964 on an entirely unrelated offense and is presently incarcerated at the U. S. Penitentiary, Atlanta, Georgia."

v. United States, 323 U.S. 88, 65 S.Ct. 148, 89 L.Ed. 88.

The fact that the information in the instant case mentioned only one check would not prevent proof that the appellant devised a fraudulent scheme and in pursuance thereof, passed a succession of bad checks upon mainland banks relying upon the fact that the use of the mails by his victims would postpone his discovery. The district judge in his decision of December 16, 1965, denying appellant's petition indicated this possibility in the following statement:

> "Petitioner's modus operandi was to obtain food and lodging from various hotels, and to escape payment therefor by turning over to his victims checks drawn on a closed account in an out-of-state bank." [6]

■ We hold that under the circumstances of this case appellant can not prevail. We have here a case where the information filed against appellant sufficiently charges a public offense. Rule 7(c) of the Federal Rules of Criminal Procedure states "[t]he indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." It must satisfy two criteria: (1) the elements of the offense intended to be charged must be so stated to sufficiently apprise the defendant of what he must be prepared to meet and (2) the charge must be sufficiently definite so that if other proceedings are taken against the defendant it will show with accuracy to what extent he may plead a former acquittal or conviction. Russell v. United States, 369 U.S. 749, 763–64, 82 S.Ct. 1038, 8 L.Ed.2d 240.

In Rivera v. United States, 318 F.2d 606 (9th Cir. 1963) this court stated:

> "The indictment alleged the offense substantially in the words of the statute, which sets forth all the essential elements of the crime; * * * the indictment thus alleged an offense, and identified the particular conduct upon which the charge was based to the extent necessary to protect appellant from double jeopardy and to tell him what he must be prepared to meet. This was enough to satisfy constitutional standards. * * *"

See also, Turf Center, Inc. v. United States, 325 F.2d 793 (9th Cir. 1963); Heaton v. United States, 353 F.2d 288 (9th Cir. 1965) cert. denied 384 U.S. 990, 86 S.Ct. 1895, 16 L.Ed.2d 1007. The information that charged appellant complies with the above standards.

To this information the appellant voluntarily entered a plea of guilty. In Thomas v. United States, 290 F.2d 696 (9th Cir. 1961) cert. denied 368 U.S. 964, 82 S.Ct. 446, 7 L.Ed.2d 401, the Court stated:

> "When a defendant voluntarily and knowingly pleads guilty at his trial this constitutes a waiver of all non-jurisdictional defenses, including the defenses raised by this motion. * * * The conviction and sentence which follow a plea of guilty are based solely and entirely upon said plea and not upon any evidence which may have been improperly acquired by the prosecuting authorities."

See also, Wallace v. Heinze, 351 F.2d 39 (9th Cir. 1965) cert. denied 384 U.S. 954, 86 S.Ct. 1574, 16 L.Ed.2d 550; and Doran v. Wilson, 369 F.2d 505 (9th Cir. 1966).

■ The District Court of Hawaii had jurisdiction of the appellant, the information sufficiently charged a federal offense in the language of section 1341, and he voluntarily entered a plea of guilty thereto. We hold that under the circumstances of this case, appellant can not now successfully contend that he has the right to have this plea set aside so that he can attempt to prove he was not guilty of the offense.

Judgment affirmed.

---

6. This information apparently was supplied by the report of the probation officer.