STATE OF HAWAII, Plaintiff-Appellee *v*. DWIGHT E. JENDRUSCH, Defendant-Appellant

NO. 5778

AUGUST 16, 1977

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

OPINION OF THE COURT BY MENOR, J.

The defendant was convicted of the offense of disorderly conduct in the district court of the first circuit. The defendant appeals, contending, *inter alia,* that the complaint failed to charge an offense. We agree.

The defendant was accused of violating HRS § 711-1101, which provides in pertinent part as follows:

(1) A person commits the offense of disorderly conduct if, with intent to cause *physical* inconvenience or alarm by a member or members of the public, or recklessly creating a risk thereof, he:

\*      \*      \*      \*

(b) Makes unreasonable noise; or

(c) Makes any offensively coarse utterance, gesture, or display, or addresses abusive language to any person present, *which is likely to provoke a violent response;* (Emphasis added)

In the District Court he was charged as follows:

You [Jendrusch] are hereby charged that in the City and County of Honolulu, State of Hawaii, on or about the 14th day of September, 1974, with intent to cause *public inconvenience, annoyance or alarm* by members of the public or recklessly creating a risk thereof, you did make unreasonable noise or offensively coarse utterance, gesture or display or address abusive language to any person present, thereby committing the offense of Disorderly Conduct in violation of Section 1101(1) (b) of the Hawaii Penal Code. (Emphasis added)

By any fair construction[1] the complaint is constitutionally

---

[1] Kaneshiro v. United States, 445 F.2d 1266 (9th Cir. 1971), cert. den. 404 U.S. 992; *See also* United States v. Norman, 391 F.2d 212 (6th Cir. 1968), cert. denied 390 U.S. 1014.

insufficient and therefore fatally defective. Not only does it fail to state an offense, but it also fails to meet the requirement that an accused must be informed of the "nature and cause of the accusation" against him. *Territory v. Yoshimura,* 35 Haw. 324 (1940).

The accusation must sufficiently allege all of the essential elements of the offense charged. *Territory v. Henriques,* 21 Haw. 50 (1912); *Dolack v. United States,* 376 F.2d 756 (9th Cir. 1967); *cf.* HRS § 702-205. This requirement obtains whether an accusation is in the nature of an oral charge, information, indictment, or complaint, and the omission of an essential element of the crime charged is a defect in substance rather than of form. A charge defective in this regard amounts to a failure to state an offense, and a conviction based upon it cannot be sustained, *United States v. Beard,* 414 F.2d 1014 (3rd Cir. 1969); *Carlson v. United States,* 296 F.2d 909 (9th Cir. 1961), for that would constitute a denial of due process. *Thompson v. Louisville,* 362 U.S. 199 (1960). This requirement may not be waived or dispensed with, *United States v. Tornabene,* 222 F.2d 875 (3rd Cir. 1955), and the defect is ground for reversal, even when raised for the first time on appeal. *United States v. Beard, supra; Carlson v. United States, supra. See also United States v. Clark,* 412 F.2d 885 (5th Cir. 1969). "Lack of jurisdiction or the failure of the indictment or information to charge an offense shall be noticed by the court at any time during the pendency of the proceeding." H.R.Cr.P. Rule 12 (1960).

The complaint here purports to charge an offense under HRS § 711-1101(1) (b) (making unreasonable noise). However, the operative factual allegations charge the defendant with having engaged in activities violative of subsections (1)(b) and (1)(c) of the statute. An essential element of an offense under this statute is an intent or a reckless disregard[2] on the part of the defendant that his conduct will have a specific result. That consequence which the statute seeks to prevent is actual or threatened *physical* inconvenience to, or alarm by, a member or members of the public. The intent to

---

[2] HRS § 702-206 contains definitions of the states of mind which the Hawaii Penal Code recognizes as sufficient to establish penal liability. *See* Commentary on § 702-206.

produce this particular effect, or recklessly creating a risk thereof, is an essential ingredient of the conduct proscribed by the statute. It was not enough for the complaint to allege that the defendant had engaged in the conduct described in subsections (1)(b) and (1)(c) "with intent to cause public inconvenience, annoyance, or alarm." In amending the Hawaii Penal Code in 1973, the Legislature emphasized that mere *public* inconvenience, annoyance or alarm was insufficient to impose penal liability. There must have been the intent by the defendant to cause *physical* inconvenience to, or alarm by, a member or members of the public. HRS § 711-1101; *see* Standing Committee Report 726, 1973 House Journal at 1096; *see also,* Commentaries on HRS § 711-1101. The failure of the complaint to set forth this essential element as defined by the statute or to describe it with sufficient specificity so as to establish penal liability rendered it fatally defective. *United States v. Beard, supra; Carlson v. United States, supra.* Without the averment that defendant's conduct resulted or threatened to result in *physical* inconvenience, the complaint was insufficient to charge an offense.

Furthermore, the complaint charged the defendant with having "address[ed] abusive language to [a] person present."[3] Such an allegation, without more, is insufficient to bring a defendant's speech within the type of conduct proscribed by subsection (1)(c) of the statute. Speech may be punishable only if, within the meaning of the statute, it is "likely to provoke a violent response." HRS § 711-1101(1)(c). What is required in the description of this conduct is a causal relationship between the speech and the disturbance sought to be prevented. The probable effect of this type of conduct is an essential element of an offense charged under subsection (1)(c), and failure to allege it was an omission fatal to the complaint. *United States v. Beard, supra; Carlson v. United States, supra; People v. Frost,* 125 Cal.App. 794, 12 P.2d 1096 (1932).

---

[3] In this connection, we take this occasion to note that the alleged abusive language was directed towards the arresting officer. While the facts show no justification whatsoever for the defendant's conduct towards the police, the charge was improperly laid under HRS § 711-1101. *See* Commentaries on HRS § 711-1101. The abusive language, coupled with the outrageous physical conduct of the defendant in this case, would have warranted a charge of harassment under HRS § 711-1106.

Where the statute sets forth with reasonable clarity all essential elements of the crime intended to be punished, and fully defines the offense in unmistakable terms readily comprehensible to persons of common understanding, a charge drawn in the language of the statute is sufficient. *Territory v. Henry*, 43 Haw. 54 (1958); *Territory v. Kanda*, 41 Haw. 591 (1957); *Territory v. Yoshimura, supra. See also Downing v. United States*, 348 F.2d 594 (5th Cir. 1965), *cert. denied* 382 U.S. 901. But the draftsman in this case obviously failed to take into consideration subsequent substantive amendments made to the statute by the legislature. *See,* Act 9, S.L.H. 1972; Act 136, S.L.H. 1973; and Act 164, S.L.H. 1974. The complaint was framed in the language of the statute as originally enacted. In light of these subsequent amendments, the present charge could not possibly support the defendant's conviction.[4]

Reversed and remanded with directions to dismiss the complaint.

*Richard C. F. Chun,* Deputy Public Defender *(Donald K. Tsukiyama,* Public Defender, of counsel) for defendant-appellant.

*Stephen D. Tom,* Deputy Prosecuting Attorney, *(George K. K. Kaeo, Jr.,* Deputy Prosecuting Attorney on the brief, *Maurice Sapienza,* Prosecuting Attorney, of counsel) for plaintiff-appellee.

---

[4] To further compound the problem, the draftsman in this case elected to charge the defendant in statutory language in one count. The type of conduct proscribed by subsection (1)(b) is not factually synonymous with that proscribed by subsection (1)(c). In charging the defendant in the disjunctive rather than in the conjunctive, it left the defendant uncertain as to which of the acts charged was being relied upon as the basis for the accusation against him. Where a statute specifies several ways in which its violation may occur, the charge may be laid in the conjunctive but not in the disjunctive. Territory v. Lii, 39 Haw. 574 (1952).