STATE OF HAWAII, Plaintiff-Appellee, *v.* MAURICE FAULKNER, Defendant-Appellant

NO. 6569

AUGUST 22, 1979

RICHARDSON, C.J., OGATA AND MENOR, J.J.,
AND RETIRED JUSTICE KOBAYASHI AND
CIRCUIT JUDGE LUM, ASSIGNED
BY REASON OF VACANCIES

*Per Curiam.* The defendant brings this appeal from his conviction of the offense of attempt to commit theft in the third degree, in violation of HRS § 708-833. The defendant appeals.

The defendant was orally charged in the district court as follows:

"You [Maurice Faulkner] are charged that on or about March 27, 1977, you did attempt to commit theft of the property or services of another; value of which is less than $50; in violation of Section 833 of the Hawaii Penal Code."

On the authority of *State v. Jendrusch,* 58 Haw. 279, 567 P.2d 1242 (1977), we reverse. In that case we said:

"The accusation must sufficiently allege all of the essential elements of the offense charged. *Territory v. Henriques,* 21 Haw. 50, (1912); *Dolack v. United States,* 376 F.2d 756 (9th Cir. 1967); *cf.* HRS § 702-205. This requirement obtains whether an accusation is in the nature of an oral charge, information, indictment, or complaint, and the omission of an essential element of the crime charged is a defect in substance rather than of form. A charge defective in this regard amounts to a failure to state an offense, and a conviction based upon it cannot be sustained, *United States v. Beard,* 414 F.2d

1014 (3rd Cir. 1969); *Carlson v. United States*, 296 F.2d 909 (9th Cir. 1961), for that would constitute a denial of due process. *Thompson v. Louisville*, 362 U.S. 199 (1960). This requirement may not be waived or dispensed with, *United States v. Tornabene*, 222 F.2d 875 (3rd Cir. 1955), and the defect is ground for reversal, even when raised for the first time on appeal." 58 Haw. at 281, 567 P.2d at 1244.

Intent is an essential element of the crime of criminal attempt. HRS § 705-500. No allegation of intent was made. To compound the deficiency, the charge also fails to refer to the specific statutory provision or provisions covering criminal attempt which the defendant was alleged to have violated. *See* HRS § 705-500 and HRS § 705-501. The detailed and technical niceties of earlier pleading and practice are no longer required. Nevertheless, the charge must still be in a form legally sufficient to advise the defendant of the nature of the accusation against him. *State v. Jendrusch, supra.*

Reversed.

*Richard K. Perkins* and *Marie Milks*, Deputy Public Defenders on the briefs for defendant-appellant.

*Glenn M. Miyajima*, Deputy Prosecuting Attorney on the brief for plaintiff-appellee.