*** NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS AND PACIFIC REPORTER ***

NO. 29377

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

2010 FEB 22 PM 2:49

FILED

---

STATE OF HAWAI'I, Respondent-Plaintiff-Appellee,

vs.

ROBERT MICHAEL ANDERSON, Petitioner-Defendant-Appellant.

---

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CASE NOS. 1DTA 08-01535 & DTI 08-041698)

SUMMARY DISPOSITION ORDER
(By:  Moon, C.J., Nakayama, Acoba, Duffy and Recktenwald, JJ.)

Petitioner-Defendant-Appellant, Robert Michael Anderson ("Anderson") petitions this court to review the Intermediate Court of Appeals' ("ICA's") September 16, 2009 judgment on appeal.  The ICA's judgment was entered pursuant to the court's September 24, 2009 summary disposition order affirming the District Court of the First Circuit's ("trial court's")[1] judgment convicting Anderson of operating a vehicle under the influence of an intoxicant ("OVUII"), in violation of Hawai'i Revised Statutes (HRS) §§ 291E-61(a)(1) and 291E-61(b)(1) (Supp. 2008),[2] and    .

---

[1]    The Honorable William Cardwell presided.

[2]    HRS § 291E-61(a)(1) and 291E-61(b)(1) provide:

>    (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of the vehicle:
>        (1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for their person and guard against casualty;
>        . . . .
>    (b) A person committing the offense of operating a vehicle under the influence of an intoxicant shall be sentenced as follows without possibility of parole or suspension of sentence:
>        (1) Except as provided in [paragraph] (2), for the first offense, or any offense not preceded within

disregarding longitudinal traffic lane markings, in violation of HRS § 291C-38 (2007).[3] In his application for writ of certiorari before this court, Anderson asserts that (1) the ICA gravely erred "in holding that the [OVUII] charge against [Anderson] was sufficient because the [Respondent-Plaintiff-Appellee, State of Hawai'i ('prosecution')] was not required to allege that [Anderson] was traveling on a public way, street, road, or highway in order to convict him of the offense of OVUII," and, (2) "[u]pon [r]emand to the [t]rial [c]ourt, the [p]roper [r]emedy is [d]ismissal [w]ith [p]rejudice [b]ecause the

---

a five-year period by a conviction for an offense under this section or section 291E-4(a):

(A) A fourteen-hour minimum substance abuse rehabilitation program, including education and counseling, or other comparable program deemed appropriate by the court;

(B) Ninety-day prompt suspension of license and privilege to operate a vehicle during the suspension period, or the court may impose, in lieu of the ninety-day prompt suspension of license, a minimum thirty-day prompt suspension of license with absolute prohibition from operating a vehicle and, for the remainder of the ninety-day period, a restriction on the license that allows the person to drive for limited work-related purposes and to participate in substance abuse treatment programs;

(C) Any one or more of the following:

(i) Seventy-two hours of community service work;

(ii) Not less than forty-eight hours and not more than five days of imprisonment; or

(iii) A fine of not less than $150 but not more than $1,000;

(D) A surcharge of $25 to be deposited into the neurotrauma special fund; and

(E) May be charged a surcharge of up to $25 to be deposited into the trauma system special fund if the court so orders[.]

[3] Anderson has not appealed his conviction for violating HRS § 291C-38.

[o]riginal OVUII [c]harge is [t]ime-[b]arred by the [s]tatute of [l]imitations."

Upon carefully reviewing the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we hold that: (1) the ICA gravely erred in affirming the trial court's judgment because the ICA's decision is obviously inconsistent with this court's recently published opinion in State v. Wheeler, 121 Hawai'i 383, 219 P.3d 1170 (2009), and (2) this case is remanded to the district court to give the parties an opportunity to more fully develop the record with regard to the statute of limitations issue, and decide whether the appropriate remedy in this case is either dismissal with or without prejudice. Therefore,

IT IS HEREBY ORDERED that the ICA's September 16, 2009 judgment on appeal and the district court's August 28, 2008 judgment is vacated, and the case is remanded to the district court for further proceedings consistent with this order.

DATED: Honolulu, Hawai'i, February 22, 2010.

On the briefs:

Craig W. Jerome, Deputy Public
Defender, for Petitioner-
Defendant-Appellant Robert
Michael Anderson

Stephen K. Tsushima, Deputy
Prosecuting Attorney, for
Respondent-Plaintiff-Appellee
State of Hawai'i

33