NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

NO. 29347

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
WANDA RURIKO MITA, Defendant-Appellant

FILED 2010 FEB 23 AM 8:48

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(HPD Criminal No. 164978DL (1P108009607))

SUMMARY DISPOSITION ORDER
(By:  Foley and Fujise, JJ.; Nakamura, C.J., dissenting)

Defendant-Appellant Wanda Ruriko Mita (Mita) appeals from the Judgment filed on August 28, 2008 in the District Court of the First Circuit, Honolulu Division (district court).[1]

The district court convicted Mita of Animal Nuisance, in violation of Revised Ordinances of Honolulu (ROH) § 7-2.3.[2]

On appeal, Mita contends that in finding her guilty, the district court erred because (1) the State of Hawai'i (State) failed to prove beyond a reasonable doubt that Mita owned the barking dogs, (2) the State failed to prove beyond a reasonable doubt that Mita acted with the requisite state of mind, (3) the State failed to prove beyond a reasonable doubt that the dogs

---

[1]  The Honorable Faye M. Koyanagi presided.

[2]  ROH § 7-2.3 provides:

   Sec. 7-2.3  Animal nuisance--Prohibited.

   It is unlawful to be the owner of an animal, farm animal or poultry engaged in animal nuisance as defined in Section 7-2.2; provided, however, that it shall not be deemed to be animal nuisance for purposes of this article if, at the time the animal, farm animal or poultry is making any noise, biting or stinging, a person is trespassing or threatening trespass upon private property in or upon which the animal, farm animal or poultry is situated, or for any other legitimate cause which teased or provoked said animal, farm animal or poultry.

were barking in violation of ROH § 7-2.3, (4) the charge was insufficient, (5) ROH § 7-2.3 is unconstitutionally vague, and (6) the State failed to prove that a qualified animal control officer had issued the citation to Mita.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we agree with Mita's point of error that the charge was insufficient, vacate Mita's conviction and sentence, and remand this case to the district court with instructions to dismiss without prejudice.

The oral charge read before trial on August 14, 2008 was insufficient. "This court's analysis of charges under the Hawai'i constitution has focused on whether the language actually used in the charge provides fair notice to the defendant." State v. Wheeler, 121 Hawai'i 383, 394, 219 P.3d 1170, 1181 (2009). "[W]here the definition of an offense includes generic terms, it is not sufficient that the indictment shall charge the offense in the same generic terms as in the definition; but it must state the species and descend to particulars." Id. at 393, 219 P.3d at 1180 (brackets and ellipses omitted) (quoting State v. Israel, 78 Hawai'i 66, 73, 890 P.2d 303, 310 (1995)). "[I]ncluding a citation to the statute in the charge does not cure a charge that omits an essential element of the offense." Wheeler, 121 Hawai'i at 393, 219 P.3d at 1180. A charge is insufficient when the nature and cause of the accusation could not be understood by a person of common understanding. Id. at 394, 219 P.3d at 1181; see also Israel, 78 Hawai'i at 70, 890 P.2d at 307).

The offense of Animal Nuisance is not understood by a person of common understanding because the ordinance refers to "an animal, farm animal or poultry engaged in animal nuisance as defined in Section 7-2.2." The term "animal nuisance" is

2

specifically limited to three types of actions which the animal, farm animal, or poultry must commit[3] in order to be considered a violation of ROH § 7-2.3. A violation of ROH § 7-2.3 simply cites another ROH section which contains an essential element that the State must prove to find Mita guilty. This did not provide fair notice to Mita.

Therefore,

IT IS HEREBY ORDERED that the Judgment filed on August 28, 2008, in the District Court of the First Circuit, Honolulu Division, is vacated and this case is remanded to the District Court of the First Circuit, Honolulu Division, with instructions to dismiss without prejudice.

DATED: Honolulu, Hawai'i, February 23, 2010.

On the briefs:

Gary Y. Okuda
for Defendant-Appellant.

Associate Judge

James M. Anderson,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

---

[3] ROH § 7-2.2 provides in relevant part:

Sec. 7-2.2 Definitions.
. . . .

"Animal nuisance," for the purposes of this section, shall include but not be limited to any animal, farm animal or poultry which:

(a) Makes noise continuously and/or incessantly for a period of 10 minutes or intermittently for one-half hour or more to the disturbance of any person at any time of day or night and regardless of whether the animal, farm animal or poultry is physically situated in or upon private property;

(b) Barks, whines, howls, crows, cries or makes any other unreasonable noise as described in Section 7-2.4(c) of this article; or

(c) Notwithstanding the provisions of HRS Section 142-75 or any other applicable law, bites or stings a person.

3