**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000422
31-OCT-2022
08:02 AM
Dkt. 54 SO**

NO. CAAP-21-0000422


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
QUINCY K. BECK, Defendant-Appellant.


APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
HANA DIVISION
(CASE NO. 2DCW-21-0000403)


SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Wadsworth and McCullen, JJ.)

Defendant-Appellant Quincy K. Beck (**Beck**) appeals from the District Court of the Second Circuit's[1] July 2, 2021 Judgment; Notice of Entry (**Judgment**) convicting Beck of Criminal Trespass in the Second Degree, in violation of Hawaii Revised Statutes (**HRS**) § 708-814(1)(b) (Supp. 2019).  On appeal, Beck raises two points of error, challenging the sufficiency of the charge and sufficiency of the evidence.

---

[1] The Honorable Douglas J. Sameshima presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve the points of error as discussed below.

(1)  In the first point of error, Beck contends that the State "failed to provide [him] with adequate notice of the elements and essential facts of the offense of Criminal Trespass [i]n [t]he Second Degree because the Complaint and oral charge failed to provide the meaning of 'reasonable warning or request' as that phrase is expressly defined by HRS § 708-814(1)(b)." Beck argues that the charge "did not specify that Beck must be served, within the past year, with a written warning or request to leave."

The State acknowledges that "[t]he lack of [a statutory] definition rendered the charge fatally defective[.]" See Territory v. Kogami, 37 Haw. 174, 175 (Haw. Terr. 1945) (holding that, while a prosecutor's concession of error is "entitled to great weight," before a conviction is reversed, "it is incumbent upon the appellate court to ascertain first that the confession of error is supported by the record and well-founded in law and to determine that such error is properly preserved and prejudicial").

"[A]n oral charge or complaint must sufficiently allege all of the essential elements of the offense." State v.

2

Sprattling, 99 Hawaiʻi 312, 318, 55 P.3d 276, 282 (2002) (internal quotation marks omitted); State v. Jendrusch, 58 Haw. 279, 281, 567 P.2d 1242, 1244 (1977). In addition, "[a] complaint . . . cannot reasonably be construed to charge an offense if it omits an element of the offense or when the common definition of an element of an offense set forth in the charge does not comport with its statutory definition." State v. Baker, 146 Hawaiʻi 299, 308, 463 P.3d 956, 965 (2020) (citations omitted). We review the sufficiency of a charge de novo. State v. Wheeler, 121 Hawaiʻi 383, 390, 219 P.3d 1170, 1177 (2009) (citation omitted).

HRS § 708-814(1)(b) defines "reasonable warning or request" as a "warning or request communicated in writing at any time within a one-year period." This definition does not comport with its common meaning because a reasonable person would not assume that the warning requires a writing within a one-year period. See State v. King, 139 Hawaiʻi 249, 254, 386 P.3d 886, 891 (2016) (explaining that "[a] 'reasonable warning or request' is then given a specialized meaning that applies only '[f]or the purposes of this paragraph'" (some brackets in original)).

Thus, the failure to provide the statutory definition of reasonable warning or request in the complaint and oral charge "amounted to an omission of an entire element of the

3

offense."  See State v. Kauhane, 145 Hawaiʻi 362, 373, 452 P.3d 359, 370 (2019) (holding that the State's failure to include the statutory definition of "obstructs" in its charge, as defined by HRS § 711-1100 (2014), rendered the charge insufficient because the statutory definition does not comport with its common definition); State v. Cavness, 80 Hawaiʻi 460, 464, 911 P.2d 95, 99 (App. 1996) (explaining that "reasonable warning or request" is an element of Criminal Trespass in the Second Degree).

(2)  In his second point of error, Beck contends "[t]he district court reversibly erred by finding that the State presented sufficient evidence to prove Beck trespassed on 'commercial premises.'"  Beck argues that "[t]here is no evidence, let alone substantial evidence, the Church received money from the food truck operators or their customers."

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction . . . .  The test on appeal is not whether guilt is established beyond a reasonable doubt, but *whether there was substantial evidence to support the conclusion of the trier of fact.*

State v. Kalaola, 124 Hawaiʻi 43, 49, 237 P.3d 1109, 1115 (2010) (citations omitted and emphasis added).  In Cavness, the court defined "'commercial property' as '[i]ncome producing property (e.g., office buildings, apartments, etc.) as opposed to 'residential property.'"  80 Hawaiʻi at 466, 911 P.2d at 101 (citation omitted).

4

Here, the State's witness testified that the food trucks that reside on church property actively collect money and pay rent, providing supplemental income for the church.  Viewing this testimony in the light most favorable to the State, substantial evidence existed to support the conclusion that the food truck lot was an income producing property and, thus, a "commercial premises."  See Kalaola, 124 Hawaiʻi at 49, 237 P.3d at 1115.  Therefore, sufficient evidence existed as to the commercial premises element.

For the above reasons, we vacate the district court's July 2, 2021 Judgment, and remand for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawaiʻi, October 31, 2022

On the briefs:

Henry P. Ting,
Deputy Public Defender,
for Defendant-Appellant.

Gerald K. Enriques,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge