STATE OF HAWAII, Plaintiff-Appellee, *v.* RICKY SMITH, also known as Ricardo Smith, Defendant-Appellant

NO. 8386

(CRIMINAL NO. 55590)

JANUARY 27, 1983

LUM, ACTING C.J., NAKAMURA, PADGETT AND HAYASHI, JJ., AND CIRCUIT JUDGE VITOUSEK, ASSIGNED BY REASON OF VACANCY

*Per Curiam.* This is an appeal from a conviction of robbery in the second degree. The indictment failed to allege that the person against whom the force was used, June Suenaga, was

either physically present or was the owner of the property stolen. However, the challenge to the indictment came only after conviction. In *State* v. *Motta,* 66 Haw. 89, 657 P.2d 1019 (1983), we adopted a liberal approach to the construction of indictments where the challenge is after conviction. Using that approach here, we hold that the indictment sufficiently alleged the elements of the crime of robbery to meet a post-conviction challenge.[1]

The record is crystal clear that appellant knew that the State was contending that June Suenaga was present when he threatened her in the course of committing the theft of an automobile. The facts are that he threatened to kill her and physically threw her out of the car she had been driving. Obviously, the omitted allegations did not prejudice appellant.

Affirmed.

*Isaac Smith* (*Daphne E. Barbee* on the opening brief and *Alvin T. Sasaki* and law clerk *Geronimo Valdriz* on the reply brief), Deputy Public Defender, for appellant.

*Shirley Smith,* Deputy Prosecuting Attorney, for appellee.

---

[1] Because we read *State* v. *Jendrusch,* 58 Haw. 279, 567 P.2d 1242 (1977), differently, we reached a different result on the robbery charge, from that reached by the Intermediate Court of Appeals in *State* v. *Tuua,* 3 Haw. App. 287, 649 P.2d 1180 (1982).