STATE OF HAWAII, Plaintiff-Appellee *v.* MATTHEW TANAKA, Defendant-Appellant

NO. 8450

(CRIMINAL NO. CT13)

JANUARY 27, 1983

LUM, ACTING C.J., NAKAMURA, PADGETT AND HAYASHI, JJ., AND CIRCUIT JUDGE TSUKIYAMA, ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a conviction of theft in the second degree. We affirm.

On July 22, 1981, appellant, in the Daiei department store in Honolulu, took two five-pound boxes of frozen shrimp from the frozen food section, put them in a shopping cart, then put them in a paper sack and left the store with them without paying for them. A photograph of the two boxes of shrimp was taken and admitted at trial after being identified by the department store security officer who had observed the theft and who was shown holding the two boxes in the photograph.

Appellant was orally charged as follows:

Matthew Tanaka, on or about February 7, 1981, in the City and County of Honolulu, State of Hawaii, you did

obtain or exert control over porperty [sic] of another with the intent to deprive that person of the property, the value of which exceeds $50.00, thereby being in violation of Section 708-832(1)(a), of the Hawaii Revised Statutes.

After a non-jury trial, appellant was convicted. Two contentions are made on appeal. The first is that the photograph should not have been admitted over objection because it was not identified in the manner prescribed in § 708-830(8) which reads:

Shoplifting.

(a) He conceals or takes possession of the goods or merchandise of any store or retail establishment, with intent to defraud.

(b) He alters the price tag or other price marking on goods or merchandise of any store or retail establishment, with intent to defraud.

(c) He transfers the goods or merchandise of any store or retail establishment from one container to another, with intent to defraud.

The unaltered price or name tag or other marking on goods or merchandise, or duly identified photographs thereof, shall be prima facie evidence of value and ownership of such goods or merchandise. Photographs of the goods or merchandise involved, duly identified in writing by the arresting police officer as accurately representing such goods or merchandise, shall be deemed competent evidence of the goods or merchandise involved and shall be admissible in any proceedings, hearings, and trials for shoplifting, to the same extent as the goods or merchandise themselves.

The second is that the omission from the charge of the word "unauthorized" with respect to appellant's control over the property renders the charge fatally defective. This point was not raised until after appellant had been convicted.

From the transcript, it is clear that the photograph was properly admissible under our Rules of Evidence. See Rules 901, 1001 and 1002. We hold that § 708-803(8), HRS, merely provides an alternative, but not exclusive, method establishing a sufficient foundation for the admissibility of photographs of

stolen goods in shoplifting cases. Accordingly, the admission of the photograph was not error.

As to the late-raised claim of a defect in the charge, there is no question that neither surprise nor prejudice to the appellant was caused by the omission. As against a challenge after conviction, we hold that applying the liberal approach adopted in *State* v. *Motta,* 66 Haw. 89, 657 P.2d 1019 (1983), and *State* v. *Smith,* 66 Haw. 95, 657 P.2d 1022 (1983), the charge, in the circumstances, sufficiently apprised appellant of all the essential elements of the crime and was not defective.

Affirmed.

*Karl Sakamoto, (Thomas Wong* and *Alvin T. Sasaki* on the briefs), Deputy Public Defender, for appellant.

*Arthur E. Ross (Josie T. Bayudan* on the brief), Deputy Prosecuting Attorney, for appellee.