STATE OF HAWAII, Plaintiff-Appellee, *v.* MICHELLE M. ALVEY, also known as Tania Bennett, Defendant-Appellant

NO. 7673

CRIMINAL NO. 52717

DECEMBER 9, 1981

PADGETT, ACTING C.J., BURNS, J. AND CIRCUIT JUDGE CHANG, IN PLACE OF CHIEF JUDGE HAYASHI, DISQUALIFIED

## OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a conviction of burglary in the first degree in violation of § 708-810(1)(c), Hawaii Revised Statutes (HRS). We affirm.

Two grounds are urged on appeal: One is that the complaining witness was permitted to testify that after she had found the appellant in her house and was going to call the police, the appellant said "Please don't call the police. I'm on probation. I'm on probation. I didn't do it. He did. Please don't call the police." Appellant contends that the reference to her being on probation in the statement which she made to the complaining witness is evidence of another crime and unduly prejudicial to her.

Appellant's counsel, in his opening statement, emphasized the obvious; that is, that in the circumstances of this case, it was up to the prosecution to prove appellant's intent in entering the complaining witness' home. When, in the course of evidence, a reference to a prior crime comes out, it is not automatically excluded for that reason alone. Instead, in passing upon whether to permit such evidence to come in, the court, under the decisions of the Supreme Court of this State in *State v. Iaukea,* 56 Haw. 343, 537 P.2d 724 (1975) and *State v. Murphy,* 59 Haw. 1, 575 P.2d 448 (1978), was to utilize both of the classic approaches to the question of the admissibility of evidence of a prior crime. As the Supreme Court said in *State v. Iaukea,*

> If the requirements of relevancy to proof of an element of the crime charged, balance of probative value against prejudicial effect, and a flexible use of the exception categories primarily as indices of relevancy are met, then this method should permit the court to make use of both formulations.

56 Haw. at 351.

Here, appellant's statement was clearly relevant to the proof of her intent in entering on the complaining witness' premises. The statement, as a whole, was anything but unduly prejudicial, and fits within both the "intent" and the "absence of mistake or accident" traditional exceptions to the exclusionary rule. Accordingly, there was no error in the admission of the evidence in question.

Appellant's second claim of error is that an instruction on the crime of theft in the second degree should have been given as a lesser

included offense instruction under § 701-109(4), HRS. However, theft in the second degree under § 708-832, HRS, includes the element of theft. Theft is not an element included in burglary in the first degree under § 708-810, HRS. Accordingly, it was not a lesser included offense and appellant's contention is without merit.

Affirmed.

*Lane Y. Takahashi* on the briefs, Deputy Public Defender, for appellant.

*Peter B. Carlisle* on the brief, Deputy Prosecuting Attorney, for appellee.