STATE OF HAWAII, Plaintiff-Appellant, *v.* EDWARD ROBINS, JR., Defendant-Appellee

NO. 8742

(CRIMINAL NO. 55706)

MARCH 16, 1983

LUM, ACTING C.J., NAKAMURA, PADGETT AND HAYASHI, JJ., AND RETIRED JUSTICE OGATA, ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from the granting of a motion to dismiss an indictment for burglary. We reverse.

On May 13, 1981, the grand jury returned an indictment against appellee which read:

On or about the 4th day of April, 1981, in the City and

County of Honolulu, State of Hawaii, EDWARD ROB-
INS, JR. did intentionally and unlawfully enter into or
remain in a building, to wit, the resident of Gale Woessner,
situated at 41-906 Oluolu Street, with intent to commit
therein a crime against a person or property rights and in
the course of committing the offense did recklessly disre-
gard the risk that the building was the dwelling of another,
thereby committing the offense of Burglary in the First
Degree in violation of Section 708-810(1)(c) of the Hawaii
Revised Statutes.

Appellee's counsel moved to dismiss the indictment on the
ground that the specific crime which the appellee intended to
commit should have been set forth in the indictment rather
than the general phrase "with intent to commit therein a crime
against a person or property rights." The lower court agreed
and dismissed the indictment. The sole question then on this
appeal is whether an indictment for burglary is sufficient if it
simply tracks the language of the statute, § 708-810, HRS. That
statute provides:

> *Burglary in the first degree.* (1) A person commits the
> offense of burglary in the first degree if he intentionally
> enters or remains unlawfully in a building, with intent to
> commit therein a crime against a person or against property
> rights, and:
>> (a) He is armed with a dangerous instrument in the
>> course of committing the offense; or
>> (b) He intentionally, knowingly, or recklessly inflicts or
>> attempts to inflict bodily injury on anyone in the course
>> of committing the offense; or
>> (c) He recklessly disregards a risk that the building is
>> the dwelling of another, and the building is such a dwell-
>> ing.
> (2) An act occurs "in the course of committing the
> offense" if it occurs in effecting entry or while in the build-
> ing or in immediate flight therefrom.

In *State* v. *Motta,* 66 Haw. 89, 657 P.2d 1019 (1983), a similar
issue was presented. However, in that case, the alleged insuf-
ficiency of the indictment was not raised until after conviction.
We there held that in such a situation we would liberally
construe the indictment. We held that since there was no show-

ing in the record of either surprise or prejudice to the appellant, we would uphold the indictment since it was not so obviously defective that by no reasonable construction could it be said to charge the offense of burglary.

In the present case, however, the alleged deficiency in the indictment was raised by a timely motion. The liberal construction rule laid down in *Motta* with respect to such contentions when raised after conviction is therefore inapplicable.

This is not a question of an omission of an element specified in the statute such as was involved in *State* v. *Jendrusch,* 58 Haw. 279, 567 P.2d 1242 (1977).[1] The indictment clearly tracks the provisions of § 708-810(1)(c) and clearly complies with the provisions of § 806-34, HRS. The question is rather whether the indictment is sufficient under the provisions of the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States and under §§ 10 and 14 of Article I of the Constitution of the State of Hawaii which are the equivalent State constitutional provisions.

Under §§ 708-810 and -811, HRS, the crime of burglary is committed when a person intentionally either enters, or remains, unlawfully on premises with the intent to commit a crime against persons or property. Under certain conditions as specified in §§ 708-810(1)(a), (b) and (c), the crime becomes one of burglary in the first degree. Thus, the crime alleged in the present case is that of intentionally entering or intentionally remaining unlawfully on the described premises; but what makes that act the crime of burglary rather than trespass is the intent to commit a crime against a person or property rights.

However the crime intended to be committed on the premises does not have to be committed in order to make the act of entering or remaining the crime of burglary, only the intent must be formed. Intent, of course, is subjective, although it is usually proved by inference from the acts of the accused. Thus, intentionally entering or intentionally remaining unlawfully

---

[1] State v. Faulkner, 61 Haw. 177, 599 P.2d 285 (1979) is also inapposite since "intent" is here specifically alleged.

upon the described premises with the intent to commit any crime against a person or property rights constitutes burglary and, therefore, it cannot logically be said that specifying the particular crime intended to be committed is, under our statutes, an essential element which must be alleged in order to charge the crime of burglary.

Nevertheless, the majority of courts in various jurisdictions passing upon whether the crime of burglary has been sufficiently alleged under their varying statutes, have upheld timely challenges to the sufficiency of indictments where the specific crime intended to be committed has not been alleged. Those holdings are treated as a general rule in compendiums of the law dealing with the subject. See 13 AM. JUR.2d, *Burglary* § 36 (1964); 12A C.J.S., *Burglary* § 54 (1980).

There are however other jurisdictions which hold to the contrary. For example, in *Commonwealth of Pennsylvania* v. *Madison,* 263 Pa. Super. 206, 397 A.2d 818, 822 (1979), the Pennsylvania court stated:

> Since the Crimes Code defines burglary as entry with the intent to commit a crime—any crime—the Commonwealth is not required to specify in the indictment or information what crime the accused allegedly intended to commit. . . .

Inasmuch we have here an indictment specifying all the necessary elements to constitute the crime of burglary, the Fifth Amendment to the Constitution of the United States and the Tenth section of Article I of the State Constitution, both of which provide: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, . . ." are not violated by the lack of an allegation of the specific crime intended to be committed. *Cf. State* v. *Jendrusch, supra.*

The much more difficult question is whether an indictment which does not set forth the crime intended to be committed by the accused violates his right under the Sixth Amendment to the Constitution of the United States and Section 14 of Article I of the Constitution of the State of Hawaii ". . . to be informed of the nature and cause of the accusation . . ."

It can be argued on the one hand that a general allegation, such as we have here, could permit the State to obtain an

indictment from a grand jury based on an intent to commit theft, and then allow the State to prove at trial an intent to commit assault or some other crime. Thus the accused could be unfairly surprised and prejudiced by being prevented from fairly presenting an adequate defense. It could be further argued that in such a situation the availability of a grand jury transcript to the accused would not help prevent the surprise or prejudice. The fact that a bill of particulars is discretionary with the judge under Rule 7(a), Hawaii Rules of Penal Procedure; and the fact that the other discovery rules are limited in scope might prevent a defendant from discovering in time such a substantial change in the State's position to his great prejudice at trial.

On the other hand, the State can argue that requiring it to specify the particular crime might lead to the anomalous situation that an accused could take the stand and testify that his intent in entering the premises was not to commit theft, as alleged, but to commit assault or some other such crime, and that such testimony, if believed, would lead to a verdict of acquittal, even though he was guilty of burglary in entering or remaining on the premises. It could then be argued that jeopardy had attached. If such argument was upheld, the accused, although guilty of the crime of burglary would escape punishment entirely.[2]

We note at this point that at least four cases of burglaries involving indictments or charges in the form here present omitting the specific crime intended to be committed have reached our appellate courts. *State* v. *Yabusaki,* 58 Haw. 404, 570 P.2d 844 (1977); *State* v. *Alvey,* 2 Haw. App. 579, 637 P.2d 780 (1981); *State* v. *Bright,* 64 Haw. 226, 638 P.2d 330 (1981); and *State* v. *Motta, supra.* In none of them was the present contention made before trial and conviction, and in none did the worst case scenario, outlined above, and envisioned by either side, take place.

---

[2] It can be argued that the State can guard against such events by alleging alternatively more than one intended crime. That solution, however, obviously could lead to indictments listing all the crimes in the penal code as alternatives.

In the present case the trial judge, in the course of his oral ruling, noted:

> [T]he defendant took hot dogs, bread and poi out of his grandmother's house and when the police arrested them [sic] he was cooking the hot dog.

(Tr. 3576, p. 8, lines 12-15). Moreover, appellee obtained the grand jury transcript early in the proceedings and it clearly showed that the thrust of the State's case was that appellee's intent was to commit a theft.

We think that in determining whether the accused's right to be informed of the nature and cause of the accusation against him has been violated, we must look to all of the information supplied to him by the State to the point where the court passes upon the contention that his right has been violated. Here, as the oral decision of the court below and the grand jury transcript amply demonstrate, the gravamen of the State's case is that the burglary was committed with the intent to commit theft.[3] On the record here, we see no violation of the right to be informed.[4] Accordingly, we find no violation of appellee's constitutional rights and reverse the order dismissing the indictment.

*Arthur E. Ross,* Deputy Prosecuting Attorney, on the briefs for appellant.

*Alvin T. Sasaki,* Deputy Public Defender, on the brief for appellee.

---

[3] We add that we see no reason, given the evidence presented to the grand jury, why the prosecutor should have been reluctant to go ahead and specify that theft was the intent. That, however, is not the question before us.

[4] It may well be that there will arise cases in which a general allegation such as that used here combined with a deviation in theory from that presented to the grand jury will result in a claim of unfair surprise and prejudice. Such cases will have to be dealt with on a case by case basis.