STATE OF HAWAII, Plaintiff-Appellant, *v.* ZENO MARQUES ABELLIRA, also known as Zeno Vonarnswaldt, Defendant-Appellee

NO. 9078

(CRIMINAL NO. 56932)

MARCH 22, 1984

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal by the State from an order dismissing Counts III and IV of an indictment. Those counts alleged kidnapping. The court below held that the failure to specify the felony which the kidnapping was intended to facilitate made the indictment defective. We reverse.

Section 707-720(1)(c) states

*Kidnapping.* (1) A person commits the offense of kidnapping if he intentionally restrains another person with intent to:

. . . . .

(c) Facilitate the commission of a felony or flight thereafter; . . .

The counts dismissed tracked the wording of the statute. Appellee

contends that the indictment must allege the specific crime intended to be facilitated and that a failure to do so violates the Hawaii and United States Constitutions.

In dealing with a similar contention under the burglary statute, we stated in *State v. Robins,* 66 Haw. 312, 317, 660 P.2d 39, 42-43 (1983):

> We think that in determining whether the accused's right to be informed of the nature and cause of the accusation against him has been violated, we must look to all of the information supplied to him by the State to the point where the court passes upon the contention that his right has been violated.

In the present case, as in *Robins,* the appellee had been supplied with the grand jury transcript which clearly established the underlying felony intended to be facilitated by the kidnapping. It was robbery. As a matter of fact, robbery of the two minors allegedly kidnapped was charged in Counts I and II of the indictment. Therefore, on the authority of *State v. Robins, supra,* we reverse the order dismissing Counts III and IV and remand for further proceedings consistent herewith.

*Arthur E. Ross* on the opening brief and *Emlyn H. Higa* on the reply brief, Deputy Prosecuting Attorneys, for appellant.

*Keith S. Shigetomi,* Deputy Public Defender, on the brief for appellee.