STATE OF HAWAII, Plaintiff-Appellee, v. JAMES K. YONAHA, Defendant-Appellant

NO. 11043

(D.C. NO. 1985-4335)

AUGUST 7, 1986

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a conviction for resisting an order to stop a motor vehicle in violation of HRS § 710-1027.

The oral charge read:

On or about April 4, 1985, in the Honolulu District, City and County of Honolulu, State of Hawaii, you, as an operator of a motor vehicle, resisted an order to stop by a police officer, thereby failing to obey his direction while on duty, violating Section 710-1027 of the Hawaii Revised Statutes.

Appellant's counsel moved to dismiss the charge because the element of intent was missing. Section 710-1027(1) reads:

A person commits the offense of resisting an order to stop a motor vehicle if he intentionally fails to obey a direction of a peace officer, acting under color of his official authority, to stop his vehicle.

Unlike *State v. Robins*, 66 Haw. 312, 660 P.2d 39 (1983), and *State v. Treat*, 67 Haw. 119, 680 P.2d 250 (1984), the charge in this case did not track the statute. It omitted the element of intent which is expressly included in the statute.

Under our holdings in *State v. Jendrusch*, 58 Haw. 279, 567 P.2d 1242 (1977), and *State v. Faulkner*, 61 Haw. 177, 599 P.2d 285 (1979), the charge was fatally defective for failure to allege a necessary element.

Accordingly, the judgment below is reversed.

*Edward K. Harada,* Deputy Public Defender, on the briefs for appellant.

*Robert F. Murashige,* Deputy Prosecuting Attorney, on the brief for appellee.