884 P.2d 372

**STATE of Hawai'i, Respondent–Appellee,**

v.

**Marian Lois ELLIOTT, Petitioner–Appellant.**

**No. 16343.**

Supreme Court of Hawai'i.

Nov. 7, 1994.

Theodore Y.H. Chinn, Deputy Public Defender, on the brief, Honolulu, for petitioner-appellant.

Before MOON, C.J., KLEIN, LEVINSON, NAKAYAMA, JJ. and YIM, Circuit Court Judge, in place of RAMIL, J., Recused.

KLEIN, Justice.

Petitioner–Appellant Marian Lois Elliott was convicted of resisting arrest in violation of Hawai'i Revised Statutes (HRS) § 710–1026(1)(a) (1985), assault against a police officer in violation of HRS § 707–712.5 (Supp. 1992), and disorderly conduct in violation of HRS § 711–1101(1)(b) (1985). The Intermediate Court of Appeals (ICA) in a published

opinion reversed Elliott's disorderly conduct conviction and affirmed her resisting arrest and assault against a police officer convictions. *State v. Elliott,* 77 Hawai'i 314, 884 P.2d 377 (1994), *cert. granted,* 76 Hawai'i 247, 871 P.2d 795 (1994).

We granted certiorari to review the ICA's decision regarding the resisting arrest and assault against a police officer convictions.[1]

## I. BACKGROUND

This case arose out of an incident that occurred on June 28, 1991 at a Kailua–Kona apartment building. The factual details of what transpired that day are set out in the ICA's opinion and there is no need for us to reiterate them all here. Only a few facts are relevant to our discussion in the instant case. When Hawai'i County Police Officer Paula Watai was attempting to place Elliott under arrest for disorderly conduct, Officer Belinda Kahiwa came to her assistance. While the officers attempted to handcuff Elliott, Elliott first unsuccessfully tried to bite Officer Watai and subsequently bit Officer Kahiwa. Elliott was consequently charged with resisting arrest and assault against a police officer in addition to disorderly conduct.

The resisting arrest and assault against a police officer counts of the three-count oral charge against Elliott read:

On or about the 28th day of June, 1991 in Kona, County and State of [Hawai'i], Marian Lois Elliott *attempted to prevent* a Peace Officer acting under color of his official authority from effecting an arrest by using or threatening to use physical force against the peace officer or another

thereby committing the offense of resisting arrest in violation of Section 710–1026(1)(a) [Hawai'i] Revised Statutes as [a]mended.[2]

On or about the 28th day of June, 1991 in Kona, County and State of [Hawai'i] Marian Lois Elliott intentionally, knowingly [or] recklessly caused bodily injury *to Officer Belinda Kahiwa* by biting her thereby committing the offense of assault in the third degree, assault of police office [sic] violation of Section 707–712.5 [Hawai'i] Revised Statutes as [a]mended.[3]

(Emphasis added.)

The ICA ruled that a "liberal construction standard" is applicable when a charge is challenged for the first time on appeal and held that under that standard the resisting arrest and assault against a police officer counts of the oral charge sufficiently stated the offenses charged.

Elliott argues that the ICA misapplied the relevant case law and that our holdings in *State v. Jendrusch,* 58 Haw. 279, 567 P.2d 1242 (1977), and *State v. Yonaha,* 68 Haw. 586, 723 P.2d 185 (1986), require that her convictions be overturned. We agree. Accordingly, for the reasons set forth below, we reverse the resisting arrest and assault against a police officer convictions. However, because the oral charge alleged all of the essential elements of the offense of assault in the third degree as defined by HRS § 707–712(1)(a)[4] and the circuit court found that all of those elements were proven beyond a reasonable doubt, we remand for entry of judgment of conviction of that offense and for resentencing in accordance therewith.

1. Because the State did not apply for a writ of certiorari to review the ICA's decision regarding the disorderly conduct conviction, and because we perceive no plain error in that aspect of the ICA's decision, we will not address the disorderly conduct conviction.

2. HRS § 710–1026(1)(a) provides:

   **Resisting arrest.** (1) A person commits the offense of resisting arrest if he *intentionally prevents* a peace officer acting under color of his official authority from effecting an arrest by:
   (a) Using or threatening to use physical force against the peace officer or another[.]
   (Emphasis added.)

3. HRS § 707–712.5(1)(a) provides:

   **Assault against a police officer.** (1) A person commits the offense of assault against a police officer if the person:
   (a) Intentionally, knowingly, or recklessly causes bodily injury to *a police officer who is engaged in the performance of duty*[.]
   (Emphasis added.)

4. HRS § 707–712(1)(a) provides:

   **Assault in the third degree.** (1) A person commits the offense of assault in the third degree if he:
   (a) Intentionally, knowingly, or recklessly causes bodily injury to another person[.]

## II. *DISCUSSION*

Elliott contends that the resisting arrest and assault against a police officer counts of the oral charge were flawed because (1) with respect to resisting arrest, the State failed to allege that Elliott "intentionally prevent[ed]" a police officer acting under color of authority from effectuating an arrest, and (2) with respect to assault against a police officer, the State failed to allege that the assault was against "a police officer who [was] engaged in the performance of duty."

The ICA recognized that the two counts of the oral charge omitted essential elements of the offenses charged, but ruled that a "liberal construction standard" applied and, relying on *State v. Petrone,* 161 Wis.2d 530, 468 N.W.2d 676, *cert. denied,* 502 U.S. 925, 112 S.Ct. 339, 116 L.Ed.2d 279 (1991), held that under that standard, because the two otherwise flawed counts "specifically referred to the statutes defining the offenses, and [Elliott] has claimed no prejudice resulting from the deficiencies in the oral charge," the omission of essential elements did not require reversal. *Elliott,* 77 Hawai'i at 318, 884 P.2d at 381.

█ We agree with the ICA's determination that the "liberal construction standard" applies in the instant case. As the ICA stated:

> [Elliott] did not challenge the sufficiency of the charges in the lower court. Therefore, our review is governed by the rule that " '[charges] which are tardily challenged [after conviction] are liberally construed in favor of validity.' " *State v. Motta,* 66 Haw. 89, 91, 657 P.2d 1019, 1020 (1983) (quoting *United States v. Pheaster,* 544 F.2d 353, 361 (9th Cir.1976), *cert. denied,* 429 U.S. 1099, 97 S.Ct. 1118, 51 L.Ed.2d 546 (1977)). Contrary to [Elliott]'s argument, the rule applies to oral charges. *State v. Vallejo,* 9 Haw.App. 73, 823 P.2d 154 (1992). The "liberal construction standard for post-conviction challenges to [oral charges] means we will not reverse a conviction based upon a defective [oral charge] unless the defendant can show prejudice or that the [oral charge] cannot within reason be construed to

charge a crime." *Motta,* 66 Haw. at 91, 657 P.2d at 1020.

*Id.,* at 316, 884 P.2d at 379.

We also agree with the ICA that because Elliott

> has not indicated how she was surprised or prejudiced by the omissions [in the resisting arrest and assault against a police officer counts of the oral charge], and the record does not show that she was hampered in her defense[, t]he question, then, is whether the oral charges can reasonably be construed to charge [Elliott] with the offenses of [resisting arrest] and [assault against a police officer].

*Id.* at 317, 884 P.2d at 380 (footnotes omitted).

We cannot agree, however, that "the statutory reference was sufficient, in accordance with the liberal rule of construction outlined above, to provide the necessary element missing from the charges so as to sufficiently state the offenses charged against [Elliott]." *Id.* at 318, 884 P.2d at 381. To allow a mere statutory reference to cure the omission of essential elements would completely vitiate the rule of law developed in *Jendrusch, Motta,* and *Yonaha.*

In *Jendrusch,* we held that the failure to allege an essential element of an offense made a charge "fatally defective." We stated:

> The accusation must sufficiently allege all of the essential elements of the offense charged. This requirement obtains whether an accusation is in the nature of an oral charge, information, indictment, or complaint, and the omission of an essential element of the crime charged is a defect in substance rather than of form. A charge defective in this regard amounts to a failure to state an offense, and a conviction based upon it cannot be sustained, for that would constitute a denial of due process. This requirement may not be waived or dispensed with, and the defect is ground for reversal, even when raised for the first time on appeal.

58 Haw. at 281, 567 P.2d at 1244 (citations omitted); *see also Yonaha,* 68 Haw. at 586,

723 P.2d at 186 (following *Jendrusch* and holding that "the [oral] charge was fatally defective for failure to allege a necessary element").

In *Motta*, we refined the *Jendrusch* rule by adopting the "liberal construction standard" for post-conviction challenges as discussed above. 66 Haw. at 91, 657 P.2d at 1020. We expressly noted, however, that even under that standard, the charge in *Jendrusch* would be fatally defective for failing to allege an essential element of the offense. *Id.* at 92, 657 P.2d at 1020–21. We reached that conclusion despite the fact that the charge at issue in *Jendrusch* had referred to the statute defining the offense. *See Jendrusch*, 58 Haw. at 280, 567 P.2d at 1243–44.

■ Thus, we hold that the statutory references in the oral charge at issue in the instant case did not cure the omission of essential elements in the challenged counts of the charge. Therefore, unless the challenged counts can otherwise "within reason be construed to charge [crimes]," the resisting arrest and assault against a police officer convictions must be reversed.

One way in which an otherwise deficient count can be reasonably construed to charge a crime is by examination of the charge as a whole. In a related context, we recently held in *State v. Schroeder*, 76 Hawai'i 517, 530, 880 P.2d 192, 205 (Haw.1994), that the kidnapping count of a two-count indictment that alleged that the defendant "did intentionally restrain Phillip M. Richards with intent to facilitate the *commission of a felony* or flight after the commission of a felony," *id.* at 519, 880 P.2d at 194 (emphasis in original), implicitly alleged the use of a handgun in that count because: (1) "[t]he 'felony' referred to in [the kidnapping count] must reasonably be construed as the robbery charged in Count

I," *id.* at 530, 880 P.2d at 205; and (2) the robbery count alleged that the defendant, "while in the course of committing theft, *and while armed with a dangerous instrument, to wit, a handgun,* did threaten the imminent use of force against Phillip M. Richards, a person who was present, with the intent to compel acquiescence to the taking of or escaping with the property[.]" *Id.* at 519, 880 P.2d at 194 (emphasis in original).

■ In the instant case, although the assault against a police officer count of the oral charge only alleged that Elliott "intentionally, knowingly [or] recklessly caused bodily injury to Officer Belinda Kahiwa by biting her," the resisting arrest count alleged that Elliott "attempted to prevent a Peace Officer acting under color of his official authority from effecting an arrest by using or threatening to use physical force against the peace officer or another." It is apparent that a peace officer effecting an arrest under color of his or her official authority is "a police officer who is engaged in the performance of duty." *Cf.* Hawai'i Rules of Evidence (HRE) Rule 304(c)(2) (1985).[5] Thus, if it were clear that the "Peace Officer" in the resisting arrest count referred to Officer Kahiwa and that the "using or threatening to use physical force" referred to Elliott's act of biting Officer Kahiwa, we would be able to reasonably construe the oral charge as charging assault against a police officer.

Under the circumstances of this case, however, we are unable to construe the charge in that manner. The "Peace Officer" could have referred to either Officer Kahiwa or Officer Watai and the "using or threatening to use physical force" could have referred to either Elliott's act of biting Officer Kahiwa or her act of attempting to bite Officer Watai.[6]

---

5. HRE Rule 304(c)(2) provides:
   Official duty regularly performed; lawful arrest. It is presumed that official duty has been regularly performed. This presumption does not apply on an issue as to the lawfulness of an arrest if it is found or otherwise established that the arrest was made without a warrant.

6. The circuit court's judgment and sentence demonstrates the uncertainty of the resisting arrest

charge. As part of her sentence for resisting arrest, Elliott was ordered to submit a letter of apology to Officer Watai. In its conclusions of law, however, the circuit court made no reference to Officer Watai but concluded that Elliott "intentionally prevented [Officer Kahiwa], a police officer, acting under the color of her official authority, from effecting an arrest by using physical force against [Officer Kahiwa]."

Therefore, the assault against a police officer conviction must be reversed.[7]

On the other hand, as Elliott points out in her application for writ of certiorari, without the element that the offense was committed against "a police officer who [was] engaged in the performance of duty" the defective count actually charged assault in the third degree. In that context, we note that the circuit court concluded that "[Elliott] intentionally, knowingly, or recklessly caused bodily injury to [Officer Kahiwa]," and Elliott does not challenge that conclusion. Thus, although the assault against a police officer conviction must be reversed, because all of the essential elements of assault in the third degree were alleged in the oral charge and proven at trial, we hold that the appropriate remedy for Elliott's post-conviction challenge to the defective charge is to remand the case for entry of judgment of conviction of assault in the third degree and for resentencing in accordance therewith. Elliott can claim no prejudice as a result of being convicted of assault in the third degree because assault in the third degree is an included offense of assault against a police officer, and the circuit court had the authority to convict Elliott of assault in the third degree if unable to convict of assault against a police officer. *See* HRS § 701–109(4)(a) (1985).[8]

Finally, with respect to the resisting arrest count, the requisite state of mind was omitted from the charge and we perceive no way in which we could reasonably construe it to charge resisting arrest or any included offense. *Cf. State v. Faulkner*, 61 Haw. 177, 599 P.2d 285 (1979) (holding that oral charge that the defendant "did attempt to commit theft" was fatally defective for failure to allege the essential element of intent).

## III. *CONCLUSION*

The resisting arrest and assault against a police officer counts of the oral charge at issue in this case were fatally defective. Accordingly, we reverse Elliott's conviction for those offenses and reverse the portion of the ICA's decision that affirmed those convictions.

The oral charge, however, did allege all of the essential elements of assault in the third degree, and the circuit court found that all of those elements had been proven beyond a reasonable doubt. Therefore, we remand for entry of judgment of conviction of assault in the third degree and for resentencing in accordance therewith.

---

**7.** In her application for writ of certiorari, Elliott insisted that the State was required to prove that she knew that Officer Kahiwa was a police officer in order to convict her of assault against a police officer, and that the circuit court erred in concluding otherwise. Because of our resolution of this case, we need not reach that issue.

However, because the ICA addressed the issue, we believe a few words of clarification are in order. First, the fact that the person assaulted was "a police officer who [was] engaged in the performance of duty" is an attendant circumstance specified by the definition of the offense of assault against a police officer. *See* HRS § 702–205 (1985). Thus, in order to convict a person of assault against a police officer, the State is required to prove that the defendant acted with the requisite state of mind with respect to that attendant circumstance. HRS § 702–204 (1985). Because HRS § 707–712.5(1) specifies "intentionally, knowingly, or recklessly," as states of mind sufficient for the commission of the offense and no "contrary purpose plainly appears," the State may prove that the defendant acted with any of those three states of mind with respect to the attendant circumstance at issue. *See* HRS § 702–207 (1985). Accordingly, pursuant to HRS § 702–206(3)(b), the State need only prove that the defendant consciously disregarded a substantial and unjustifiable risk that the person assaulted was "a police officer who [was] engaged in the performance of duty."

**8.** HRS § 701–109(4)(a) provides:

    (4) A defendant may be convicted of an offense included in an offense charged in the indictment or the information. An offense is so included when:

    (a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged[.]