***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

 Electronically Filed
 Supreme Court
 SCWC-29520
 18-NOV-2013
 09:02 AM

 IN THE SUPREME COURT OF THE STATE OF HAWAI#I

 ---o0o—

 STATE OF HAWAI#I, Respondent/Plaintiff-Appellee,

 vs.

 PETER NEWAL MAHARAJ, Petitioner/Defendant-Appellant.

 SCWC-29520
 CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
 (ICA NO. 29520; HPD Traffic NO. 1DTA-08-03393)

 November 18, 2013

 ACOBA, McKENNA, AND POLLACK, JJ., WITH RECKTENWALD, C.J.,
 DISSENTING, WITH WHOM NAKAYAMA, J., JOINS

 OPINION OF THE COURT BY ACOBA, J.

 We hold that the charge for Operating a Vehicle Under

the Influence of an Intoxicant, (OVUII), HRS § 261E-61(a)(1)

(2007) was insufficient because Respondent/Plaintiff-Appellee the

State of Hawai#i (the State) failed to allege the requisite

states of mind of intentional, knowing, or reckless in the
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

charge, State v. Apollonio, --- P.3d ----, 2013 WL 5574921, at *5

(Haw. Oct. 10, 2013); see also State v. Nesmith, 127 Hawai#i 48,

54, 276 P.3d 617, 623 (2012)1, and because the charge failed to

allege an “essential fact[] constituting the offense charged.”

Hawai#i Rules of Penal Procedure (HRPP) Rule 7(d). Accordingly,

the conviction of Petitioner/Defendant-Appellant Peter Newal

Maharaj (Defendant) is dismissed without prejudice. The November
23, 2012 judgment of the Intermediate Court of Appeals (ICA),2

filed pursuant to its October 25, 2012 Summary Disposition Order

(SDO), having been to the contrary in affirming Defendant’s

conviction, as well as the November 18, 2008 Judgment of

conviction of the District Court of the First Circuit (the

court)3 are therefore vacated.

 I.

 A.

 According to Defendant, he “was orally charged on April

10, 2008 with Operating a Vehicle Under the Influence of an
Intoxicant, (OVUII), Hawai#i Revised Statutes (HRS) §§ 291E-

61(a)(1)4 & (b)(1)5 (2007).”6 Defendant states the “oral charge

 1
 Nesmith held that a charge alleging a violation HRS § 291E-
61(a)(1) was insufficient for failing to state the requisite mens rea.
Nesmith, 127 Hawai#i at 53, 276 P.3d at 622.

 2
 The SDO was filed by Chief Judge Craig H. Nakamura, and Associate
Judges Daniel R. Foley and Katherine G. Leonard

 3
 The Honorable William A. Cardwell presided.

 4
 HRS § 291E-61(a)(1), OVUII, states that “A person commits the
offense of operating a vehicle under the influence of an intoxicant if the
person operates or assumes physical control of a vehicle [w]hile under the
influence of alcohol in an amount sufficient to impair the person’s normal

 2
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

was reduced to an Order and Notice of Entry of Order [(Order)] on

that same date.” He maintains “the [Order] does not clearly

state in writing the specific allegations of the charge against

[Defendant]” and “does not allege the relevant mens rea as there

is no reference to an intentional, knowing or reckless state of

mind in the charge.” Thus, Defendant points out, “the Order

merely states that the violation charged is HRS [§] 291E-61[.]”
A “Notice of Entry of Judgment and/or Order and Plea/Judgment

[(Judgment)] was entered against [Defendant] on November 18,

2008.”

 B.

 Defendant appealed to the ICA on December 11, 2008. On

appeal, Defendant argued that “(1) he received ineffective

assistance of counsel because his trial counsel failed to

introduce [his] medical records into evidence; (2) there was

insufficient evidence to support [Defendant’s] conviction; and

(3) [the court] erred in denying [Defendant’s] motion to suppress
evidence.” State v. Maharaj, No. 29520, 2012 WL 5272227 (Hawai#i

mental faculties or ability to care for the person and guard against
casualty[.]”

 5
 HRS § 291E-61(b)(1) states that “A person committing the offense
of operating a vehicle under the influence of an intoxicant shall be sentenced
without possibility of probation or suspension of sentence ... [f]or the first
offence, or any offence not preceded within a five-year period by a conviction
for an offence under this section or section 291E-4(a).”

 6
 In its Answering Brief the State indicates Defendant, “may have
been charged with HRS § 291E-61(a)(3) (breath alcohol greater than 0.08)” but
“no breath alcohol measurement was taken.”

 3
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

App. Oct. 25, 2012) (SDO).7 The transcript of the second part of

Defendant’s trial was made a part of the record on appeal.

However, the ICA noted that “[t]he transcript for the September

29, 2008, hearing on the motion to suppress evidence and the

beginning of trial was not made part of the record on appeal.”

Maharaj, 2012 WL 5272227 at *1. The ICA affirmed the court’s

judgment on October 25, 2012.
 This court filed the decision in Nesmith on April 12,

2012.

 Defendant filed a Motion for Reconsideration with the

ICA on November 5, 2012, arguing that the charge against him was

jurisdictionally defective since it did not “allege the requisite

mens rea. . . .” (Citing Nesmith, 127 Hawai#i 48, 276 P.3d 617.)

In this motion, Defendant contended that the charge was “facially

defective” and that the court “lacked subject matter

jurisdiction,” which was “not waivable.” The State did not file

a response to Defendant’s reconsideration motion contesting
Defendant’s recitation of the contents of the charge.

Nevertheless, the ICA denied Defendant’s Motion for

Reconsideration on November 14, 2012, citing its decision in

State v. Rivera, No. CAAP-11-0000774, 2012 WL 4344185 at *1 (App.

Sept. 24, 2012) (SDO). State v. Maharaj, No. 29520, 2102 WL

5272227 at *1 (App. Nov. 14, 2012) (SDO).

 7
 Petitioner does not raise any of these points in his Application
and so we do not consider them.

 4
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

 In Rivera, the ICA held in pertinent part, “the supreme

court’s decision in [Nesmith] raises, but does not clearly

answer, the question of whether a deficiency in a charge for

failing to allege the requisite mens rea is a jurisdictional

defect.” (Quoting Rivera, 2012 WL 4344185 at *2.) The ICA

adopted what it construed as the concurring and dissenting

opinion’s reading of the majority opinion in Nesmith,
 [i]n Nesmith, the concurring and dissenting opinion by
 Justice Acoba reads the majority opinion as concluding ‘that
 a state of mind is a ‘fact’ that must be included in an HRS
 § 291-E-61(a)(1) charge for due process purposes only, but
 not an element of HRS § 291E-61(a)(1) that must be included
 in a charge for purposes of jurisdiction.’ Although the
 Nesmith majority opinion does not state this distinction
 between the sufficiency of a charge for due process purposes
 and for jurisdictional purposes in unmistakable terms,
 pending further clarification, we adopt Justice Acoba’s
 reading of the majority’s opinion.

Id. (quoting Nesmith, 127 Hawai#i at 66, 276 P.3d at 635 (Acoba,

J., concurring and dissenting) (brackets omitted)). In Rivera,

the ICA concluded that the State’s failure to allege the mens rea

was not a jurisdictional defect and because the said “defect” was

not previously raised by Defendant, it was waived by Defendant.
 Under this reading, the failure to allege a mens rea in the
 charge of OVUII with priors against Rivera would not
 constitute a jurisdictional defect in the charge. We
 therefore conclude that Rivera waived any challenge to the
 sufficiency of the charge for failure to allege a mens rea
 by not objecting on this basis in the Circuit Court and by
 not asserting this claim on appeal.

Id. (emphasis added). Accordingly, the ICA in Rivera affirmed

the defendant’s conviction of the charge of OVUII. Relying on

Rivera, the ICA denied Defendant’s Motion for Reconsideration,

apparently because it believed any challenge to the sufficiency

of the charge by Defendant was waived. In doing so, the ICA

 5
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

stated in a single sentence that the motion was denied and cited

Rivera.

 III.

 In his Application, Defendant asks whether “the failure

to allege a mens rea in charging the offense of OVUII . . . HRS

section 291E-61(a)(1) renders the charge jurisdictionally

defective?” No response was filed by the State.
 IV.

 As noted, a transcript of the first part of trial,

which presumably included the reading of the charge, was not in

the record. Thus, Defendant in his application cited to the

Notice of Entry of Order and the Notice of Judgment in order to

establish the specific charges herein. The docket entry

indicates Defendant was charged with HRS § 291E-61(a)(1) and

(b)(1).8 None of the parties or the ICA indicated that Defendant

raised an objection to the lack of a mens rea allegation in the

charge at the beginning of the trial. Defendant’s objection to
jurisdiction apparently was raised for the first time in the

Motion for Reconsideration itself.

 On May 2, 2013 we ordered the record on appeal be

supplemented with the April 10, 2008 transcript containing the

oral charge. The point of error that Defendant raised in his

 8
 The docket entries state as follows:

 04/10/2008 Oral Motion
 Entered by the State to specify charge as
 HRS 291E-61(a)(1), (b)(1).
 04/10/2008 Oral Order Motion Granted
 04/10/2008 Order & Notice of Entry of Ord

 6
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

Motion for Reconsideration before the ICA and raised on appeal to

this court was only apparent after this court’s decision in

Nesmith. Inasmuch as the ICA ruled on the applicability of

Nesmith to Defendant’s case, the record may be supplemented to

determine the correctness of that decision. This is true even if

there may have been no error under the applicable law at the time

of the original appeal to the ICA, prior to this court’s decision
in Nesmith. See Henderson v. United States, 133 S.Ct. 1121

(2013) (holding that “we conclude that whether a legal question

was settled or unsettled at the time of trial, ‘it is enough that

an error be ‘plain’ at the time of appellate consideration . . .

.’”).

 However, on June 8, 2013, the court filed a letter

indicating that “research was conducted, and we were unable to

locate the CD recording for the court date of April 10, 2008 as

you had requested.” Accordingly, a transcript of the charge is

not available. Nevertheless, before the ICA and on certiorari
none of the parties indicate the state of mind was alleged by the

State in the OVUII charge, and the ICA proceeded to decide the

reconsideration motion without a transcript of the charge.

Accordingly, we proceed to the merits of the Application.

 V.

 Defendant maintains that the omission of the state of

mind in the charge was a jurisdictional defect and “[w]hether a

court possesses subject matter jurisdiction is a question of law

 7
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

reviewable de novo.” (Quoting Hawai#i Mgmt. Alliance Ass’n v.

Ins. Comm’r, 106 Hawai#i 21, 26, 100 P.3d 952, 957 (2004).)

Consequently, he argues “if the parties do not raise the issue, a

court sua sponte will, for unless jurisdiction of the court over

the subject matter exists, any judgment rendered is invalid.”

(Quoting Chun v. Employees’ Ret. Sys. of the State of Hawai#i, 73

Hawai#i 9, 14, 828 P.2d 260, 263 (1992).)
 A.

 Apparently disagreeing with the ICA’s denial of

reconsideration, Defendant states that this court “has held that

a charge of [OVUII] under [HRS §] 291E-61(a)(1) that does not

allege the requisite mens rea and/or does not allege in writing a

plain, concise and definite statement of essential facts

constituting the offense is fatally defective.” Referring to the

relevant statutory provisions, he declares, “(1) [t]here is no

state of mind specified within HRS [§] 291E-61(a)(1) itself, (2)

as such, HRS [§] 702-204 applies, and states in relevant part,
‘When the state of mind required to establish an element of an

offense is not specified by law, that element is established if,

with respect thereto, a person acts intentionally, knowingly or

recklessly.’” (citing HRS § 702-204); and that (3) “a state of

mind with which the defendant acts applies to all elements of the

offense, unless otherwise specified in the statute defining the

offense[.]” (Quoting State v. Vliet, 95 Hawai#i 94, 99, 19 P.3d

42, 47 (2001)(citations omitted).) (Citing HRS § 702-206 (1993).)

 8
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

 B.

 Defendant additionally states, “[p]er Nesmith . . .

‘the [HRS § 291E-61(a)(1)] charge shall be a plain, concise and

definite statement of the essential facts constituting the

offense charged.’” (Quoting HRPP Rule 7(d) (2009)). “‘A charge

defective in this regard amounts to a failure to state an

offense, and a conviction based upon it cannot be sustained, for
that would constitute a denial of due process.’” (Quoting State

v. Mita, 124 Hawai#i 385, 390, 245 P.3d 458, 463 (2010).)

 Defendant reads Nesmith as holding “that a charge

alleging a violation of HRS [§] 291E-61(a)(1) that omits the

statutorily incorporated culpable states of mind from HRS [§]

702-204 is not readily comprehensible to persons of common

understanding and, as such, a charge omitting the allegation of

mens rea is deficient for failing to provide fair notice to the

accused.” Additionally, “there was never even a plain, concise

and definite written statement of the essential facts
constituting the offense charged provided to [Defendant] in

violation of HRPP [Rules] 7(a) and (d)[.]”

 He asserts that because “the essential facts of the

OVUII charge against [Defendant] under HRS [§] 261E-61(a)(1) were

not provided to [Defendant] and the charge did not allege the

requisite mens rea, the charge is fatally defective[.]” In

Defendant’s view, “[t]he Nesmith [c]ourt clearly held that a

 9
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

deficiency in a charge for failing to allege the requisite mens

rea is a jurisdictional defect.”

 VI.

 A.

 In this case, Defendant challenged the sufficiency of

the oral charge for the first time on appeal. Therefore,

pursuant to State v. Motta, the indictment will be dismissed if
“the defendant can show prejudice or that the indictment cannot

within reason be construed to charge a crime.” 66 Haw. 89, 91,

657 P.2d 1019, 1020 (1983). In the instant case, the oral charge

omitted the requisite state of mind. Therefore, based on

precedent, the oral charge cannot within reason be construed to

charge a crime. State v. Elliot, 77 Hawai#i 309, 313, 884 P.2d

372, 376 (1994) (applying the liberal construction standard and

holding that “the requisite state of mind was omitted from the

charge” and therefore the court “perceive[d] no way . . . [to]

reasonably construe [the indictment] to charge resisting arrest
or any included offense”). Thus, the charge is “fatally

defective.” Id.

 In Nesmith, the majority cited Elliot with approval.

The Nesmith majority acknowledged that “[i]n Elliott, the

Defendant challenged the sufficiency of this oral charge for the

first time on appeal.” 127 Hawai#i at 56, 276 P.3d at 625.

Nesmith then drew an analogy to Elliot involving an objection to

the lack of a state of mind allegation. The majority stated that

 10
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

“[l]ike Elliott, in this case, the intentional, knowing, or

reckless” state of mind requirements . . . needed to be charged .

. . to alert the defendants of precisely what they needed to

defend against to avoid a conviction.” Id. (emphasis added).

The concurring and dissenting opinion in Nesmith also cited

Elliot with approval, noting that Elliot demonstrates that the

requisite state of mind “must be alleged in a charge.” Id. at
64, 276 P.3d at 633 (Acoba, J., concurring and dissenting).

 Recently, in Apollonio, this court again held that a

charge that fails to allege the requisite state of mind is

defective, even if the defendant challenges the sufficiency of

the charge for the first time on appeal. 2013 WL 5574921 at *5.

Apollonio re-affirmed the “core principle” that “[a] charge that

fails to charge a requisite state of mind cannot be construed

reasonable to state an offense and thus the charge is dismissed

without prejudice because it violates due process.” Id. at *5.

 Even after trial began in this case Defendant was not
informed of the “state of mind requirements” of the charges

against him due to the defective charge. Nesmith, 127 Hawai#i at

56, 276 P.3d at 625 (majority opinion). The failure to inform

Defendant persisted to the end of trial due to the defective

charge. In the absence of the requisite state of mind, the

charge cannot within reason be construed to charge a crime.

Apollonio, 2013 WL 5574921 at *5; see also Elliot, 77 Hawai#i at

313, 884 P.2d at 376. Therefore, under Nesmith and Apollonio,

 11
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

the defective complaint in this case is dismissed without

prejudice. Apollonio, 2013 WL 5574921 at *5; see also Nesmith,

127 Hawai#i at 54, 276 P.3d at 623.

 B.

 Defendant also argues that the charge is defective for

failing to allege the “essential facts” as required by HRPP Rule

7(d). Although Nesmith did not apply HRPP Rule 7(d), the clear
import of Nesmith is that state of mind is an “essential fact”

that must be pled under HRPP Rule 7(d). Nesmith stated that

although “mens rea is not an ‘element of an offense,’” more than

the failure to allege elements was “fatal to a charge.” Id. at

55, 276 P.3d at 624. This court then held that Elliot “provides

one illustration of how omission of facts in a charge can render

a charge deficient,” and concluded that “mens rea must be alleged

in a [charge].” Id. at 55-56, 276 P.3d at 624-25 (emphases

added). As a “fact” that “must be alleged in a charge,” a

requisite state of mind is clearly an “essential fact” that must
be alleged under HRPP Rule 7(d).

 Moreover, Nesmith recognized that if a charge is

insufficient under HRPP Rule 7(d), then “‘a conviction based upon

[the charge] cannot be sustained, for that would constitute a

denial of due process.’” Id. at 52, 275 P.3d at 622 (quoting

Mita, 124 Hawai#i at 390, 245 P.3d at 463). Therefore, the

failure to plead an essential fact under HRPP Rule 7(d) provides

 12
 ***FOR PUBLICATION IN WEST’S HAWAI#I REPORTS AND PACIFIC REPORTER***

an additional basis for the dismissal of the charge without

prejudice.

 VII.

 Accordingly, the ICA’s November 23, 2012 judgment and

the court’s November 18, 2008 judgment of conviction are vacated

and the case remanded to the court to enter an order dismissing

the case without prejudice.

Leslie C. Maharaj, /s/ Simeon R. Acoba, Jr.
for petitioner
 /s/ Sabrina S. McKenna
Brian R. Vincent,
for respondent /s/ Richard W. Pollack

 13