**Electronically Filed
Supreme Court
SCWC-15-0000150
08-NOV-2018
08:01 AM**

SCWC-15-0000150

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

———————————————

ROY RITA,
Petitioner/Petitioner-Appellant,

vs.

STATE OF HAWAIʻI,
Respondent/Respondent-Appellee,

———————————————

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-15-0000150; S.P.P. NO. 13-1-0001)

<u>SUMMARY DISPOSITION ORDER</u>
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Petitioner/Petitioner-Appellant Roy Rita (Rita) seeks review of the Intermediate Court of Appeals' (ICA) Judgment on Appeal, which affirmed the Circuit Court of the Fifth Circuit's (circuit court) order denying Rita's supplemental claims to his second Hawaiʻi Rules of Penal Procedure (HRPP) Rule 40 petition for post-conviction relief without a hearing. We vacate the ICA's Judgment on Appeal and remand to the circuit court to hold

a HRPP Rule 40 evidentiary hearing on Rita's claim that counsel were ineffective for failing to challenge the sufficiency of his indictment.

On June 17, 2002, Rita was indicted and charged with, inter alia, one count of continuous sexual assault of a minor under the age of fourteen years, in violation of Hawaiʻi Revised Statutes (HRS) § 707-733.5,[1] which stated:

> During the period between the 7th day of June, 1999 through the 23rd day of October, 2001, in the County of Kauai, State of Hawaii, ROY RITA had recurring access to [minor], a minor under the age of fourteen (14) years, and did engage in three or more acts of sexual penetration or sexual contact with [minor] over a period of time, but while [minor] was under the age of fourteen (14) years, thereby committing the offense of Continuous Sexual Assault of a Minor Under the Age of Fourteen (14) Years, in violation of [HRS § 707-733.5].

At the time of trial, the complaining witness was twelve years old. The jury found Rita guilty of the continuous sexual assault charge.[2] Rita appealed his conviction, which this court

---

[1] HRS § 707-733.5 (Supp. 1997) provided in relevant part:

> **Continuous sexual assault of a minor under the age of fourteen years.** (1) Any person who:
> (a) Either resides in the same home with a minor under the age of fourteen years or has recurring access to the minor; and
> (b) Engages in three or more acts of sexual penetration or sexual contact with the minor over a period of time, but while the minor is under the age of fourteen years,
> is guilty of the offense of continuous sexual assault of a minor under the age of fourteen years.
>
> . . . .
>
> (4) Continuous sexual assault of a minor under the age of fourteen years is a class A felony.

[2] The Honorable Clifford L. Nakea presided over the jury trial and Rita's first HRPP Rule 40 petition.

2

affirmed.  <u>State v. Rita</u>, No. 25836, 2004 WL 909731 (Haw. Apr. 29, 2004) (SDO).

On September 27, 2004, Rita filed his first HRPP Rule 40 petition <u>pro se</u>.[3]  The circuit court denied Rita's first HRPP

_____

[3]     HRPP Rule 40 (2006) provides in relevant part:

(a) <u>Proceedings and grounds</u>.  The post-conviction proceeding established by this rule shall encompass all common law and statutory procedures for the same purpose, including habeas corpus and coram nobis; provided that the foregoing shall not be construed to limit the availability of remedies in the trial court or on direct appeal.  Said proceeding shall be applicable to judgments of conviction and to custody based on judgments of conviction, as follows:

(1) **From Judgment.**  At any time but not prior to final judgment, any person may seek relief under the procedure set forth in this rule from the judgment of conviction, on the following grounds:

(i) that the judgment was obtained or sentence imposed in violation of the constitution of the United States or of the State of Hawaiʻi;

. . . .

(3) **Inapplicability.**  Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived.  Except for a claim of illegal sentence, an issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this rule, and the petitioner is unable to prove the existence of extraordinary circumstances to justify the petitioner's failure to raise the issue.  There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.

. . . .

(f) <u>Hearings</u>.  If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer.  However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without trace of support either in the

(continued...)

3

Rule 40 petition without a hearing.  The ICA affirmed the circuit court's decision on July 27, 2006.  <u>Rita v. State</u>, No. 27093, 2006 WL 2077565 (App. July 27, 2006) (SDO).  Rita did not apply for a writ of certiorari to this court.

On March 6, 2013, Rita filed a second HRPP Rule 40 petition <u>pro se</u>.  The circuit court denied Rita's second HRPP Rule 40 petition without a hearing.[4]  However, on appeal, the ICA vacated the circuit court's order.  <u>Rita v. State</u>, No. CAAP-13-0003270, 2014 WL 1758390 (App. Apr. 29, 2014) (SDO).  The ICA determined that the circuit court should not have denied Rita's second HRPP Rule 40 petition without affording him the benefit of counsel, and remanded the case "so that [Rita] may receive the assistance of counsel before disposition of his Rule 40 petition."

On November 19, 2014, Rita, now represented by private counsel, filed a "Supplemental Claims for Relief to Petitioner Roy Rita's HRPP Rule 40 Petition for Post Conviction Relief, Filed on March 6, 2013" (Supplemental Claims Petition) that further raised two grounds for relief:

> (a)  The court was without jurisdiction as the charge failed to state the necessary state of mind in the charge, as well as all of the elements of the offense, to wit, that the Defendant (Petitioner) and the Complainant were not married to each other. . . .

---

[3](...continued)
record or from other evidence submitted by the petitioner.

[4]     The Honorable Kathleen N.A. Watanabe presided over Rita's Second HRPP Rule 40 Petition.

4

. . . .

(b)  Both trial counsel and appellate counsel were ineffective for failing to assert this jurisdictional issue, respectively before the trial and appellate courts.

Rita stated that he was raising these claims for the first time because he "was unaware that the Indictment as drafted by the State was defective."

On February 23, 2015, the circuit court denied Rita's Supplemental Claims Petition without a hearing.  The ICA affirmed.  The ICA concluded that, even assuming arguendo that Rita's claims were not waived, Rita's trial and appellate counsel were not ineffective for failing to challenge the sufficiency of Rita's indictment.

We interpret Rita's application for writ of certiorari to present one question: whether the ICA erred "in failing to grant [Rita] relief where the indictment fail[ed] to allege facts sufficient to state an offense[.]"  Specifically, Rita states that his continuous sexual assault charge "[does not allege a] factual allegation that Rita and complaining witness were not married." (Formatting altered.)  Because it was clear before Rita was charged that an indictment charging sexual assault of a minor under the age of fourteen must include the "essential element" that the defendant be aware that the minor was not married to him, we conclude that Rita has alleged facts which, if proven, raise a colorable claim that counsel were ineffective for failing to challenge the sufficiency of the indictment.  Accordingly, he

5

is entitled to a HRPP Rule 40 evidentiary hearing on this claim. See HRPP Rule 40(f).

In State v. Arceo, this court recited the four elements of the offense of sexual assault in the third degree pursuant to HRS § 707-732(1)(b) ("sexual assault of a minor") that the State was required to prove in order to establish guilt.[5] 84 Hawaiʻi 1, 15, 928 P.2d 843, 857 (1996). One such requirement was "that [the defendant be] aware that the Minor was not married to him, (i.e., the requisite knowing state of mind with respect to the attendant circumstance implicit in 'sexual contact')[.]"[6] Id. (citations omitted).

It is true that under the post-conviction liberal construction rule, "we liberally construe charges challenged for the first time on appeal." State v. Wheeler, 121 Hawaiʻi 383, 399, 219 P.3d 1170, 1186 (2009). However, we have also stated that an "accusation must sufficiently allege all of the essential elements of the offense charged." State v. Jendrusch, 58 Haw. 279, 281, 567 P.2d 1242, 1244 (1977) (emphasis added). "A charge defective in this regard amounts to a failure to state an

---

[5] HRS § 707-732(1)(b) (1993) provided that a person commits the offense of sexual assault in the third degree if: "(b) The person knowingly subjects to sexual contact another person who is less than fourteen year old or causes such a person to have sexual contact with the person[.]"

[6] A person violates HRS § 707-732(1)(b) (1993) and HRS § 707-733.5 (Supp. 1997) if the person engages in "sexual contact" with a minor under the age of fourteen.
"Sexual contact," as defined in HRS § 707-700 (1993), "means any touching of the sexual or other intimate parts of a person not married to the actor . . . ."

6

offense, and a conviction based upon it cannot be sustained."
Id. Because we held in Arceo that an essential element of the
offense of sexual assault of a minor less than fourteen years old
was that the defendant "[be] aware that the Minor was not married
to him," and Rita's continuous sexual assault of a minor charge
failed to state that essential element, the charge was fatally
defective under Jendrusch.[7]

Additionally, it was clear at the time Rita was charged
that an indictment failing to state a mens rea was fatally
defective. Accordingly, Rita has also alleged facts, which if
proven, raise a colorable claim that his trial and appellate
counsel were ineffective for failing to challenge the sufficiency
of the indictment on this basis.[8]

In Jendrusch, we stated that an essential element of an
offense under the relevant criminal provision was "an intent or a
reckless disregard," i.e., the requisite state of mind. Id. at

---

[7]    It is true that a minor under the age of fourteen years cannot
marry in this state. HRS § 572-1(2) (Supp. 1997). However, HRS § 572-3
(Supp. 1994) also provided that "[m]arriages between a man and a woman legal
in the country where contracted shall be legal in the courts of this state."
Therefore, it is possible that a minor under the age of fourteen could be
legally married.

[8]    While Rita did not argue on certiorari that counsel were
ineffective for failing to challenge the sufficiency of his indictment for
omitting the requisite mens rea, this court may recognize plain error not
presented pursuant to Hawaiʻi Rules of Appellate Procedure (HRAP) Rule
40.1(d)(1) when the error affects substantial rights. State v. Miller, 122
Hawaiʻi 92, 100, 223 P.3d 157, 165 (2010).
       Here, because the Hawaiʻi Constitution and our case law required
at the time that Rita was charged that the requisite mens rea be alleged in an
indictment, the ICA's conclusion that counsel were not ineffective for failing
to challenge the sufficiency of the indictment affected Rita's substantial
rights, and may therefore be reviewed for plain error.

281, 567 P.2d at 1244. Even if we later stated in State v. Nesmith that the mens rea is not an "element of an offense," we nevertheless concluded that state of mind requirements needed to be charged in a complaint "to alert the defendants of precisely what they needed to defend against to avoid a conviction." 127 Hawaiʻi 48, 56, 276 P.3d 617, 625 (2012) (citing State v. Elliot, 77 Hawaiʻi 309, 311-12, 884 P.2d 372, 374-75 (1994)).

We conclude that Rita's continuous sexual assault charge, which omitted the state of mind requirement, may not have alerted Rita to what he needed to defend against to avoid a conviction. Pursuant to HRS § 702-204 (1993), a person would need to "intentionally, knowingly, or recklessly" engage in three or more acts of sexual penetration or sexual contact with a minor while the minor is under the age of fourteen years to violate HRS § 707-733.5 (Supp. 1997).

That language is missing from Rita's indictment. Additionally, there is no evidence in the record to clearly demonstrate that Rita or Rita's counsel had knowledge of the requisite state of mind at trial.[9] In opening statements and closing arguments at trial, the State and defense counsel

---

[9] The ICA noted that because jury instructions stated that one of the four elements of a continuous sexual assault of a minor charge was "[t]hat the Defendant intentionally or knowingly engage in three or more acts of sexual contact with [the minor]," the record indicated that Rita was aware of the requisite state of mind. However, being told of the requisite mens rea while jury instructions are read would not have sufficiently "alert[ed] [Rita] of precisely what [he] needed to defend against to avoid a conviction," as his counsel would have already presented closing argument. See Elliot, 77 Hawaiʻi at 311-12, 884 P.2d at 374-75.

8

disputed the credibility of the complaining witness and did not discuss the requisite state of mind.  Therefore, the due process requirement under article I, section 14 of the Hawaiʻi Constitution, i.e., that "the accused . . . be informed of the nature and cause of the accusation," does not appear to be satisfied.  State v. Israel, 78 Hawaiʻi 66, 71, 890 P.2d 303, 308 (1995) ("[I]n order for a defendant's article I, section 14 right to be deemed satisfied . . . the record must clearly demonstrate the defendant's actual knowledge.").

Had Rita's trial counsel challenged the sufficiency of Rita's indictment at trial, or had Rita's appellate counsel similarly challenged the sufficiency of the indictment on direct appeal, his conviction would have been vacated.  See Elliot, 77 Hawaiʻi at 312-13, 884 P.2d at 375-76.  Therefore, Rita has identified a specific error or omission by counsel that "resulted in the withdrawal or substantial impairment of a potentially meritorious defense."  Maddox v. State, 141 Hawaiʻi 196, 202, 407 P.3d 152, 158 (2017).[10]

Because Rita has presented facts that, if true, assert a colorable claim that his trial and/or appellate counsel was

---

[10]  We respectfully disagree with the ICA that counsel's alleged failure to challenge the deficiency of the indictment did not result in the withdrawal or substantial impairment of a potentially meritorious defense because the State "would have been able to re-file Rita's indictment."  Here, Rita has alleged that counsel failed to assert his constitutional right to be informed of the nature and cause of the accusation against him.  See Israel, 78 Hawaiʻi at 71, 890 P.2d at 308.  "An accused's potentially meritorious defenses include the assertion of his constitutional rights."  Briones v. State, 74 Haw. 442, 462, 848 P.2d 966, 976 (1993).

ineffective, he is entitled to a HRPP Rule 40 evidentiary hearing on grounds A and B of his Supplemental Claims Petition.[11]

Accordingly, we vacate the ICA's March 20, 2018 Judgment on Appeal and remand to the circuit court to hold a HRPP Rule 40 evidentiary hearing on Rita's claim that counsel were ineffective for failing to challenge the sufficiency of his indictment.

DATED:  Honolulu, Hawaiʻi, November 8, 2018.

| | |
|---|---|
| Emmanuel G. Guerrero<br>for petitioner/petitioner-<br>appellant | /s/ Mark E. Recktenwald |
| | /s/ Paula A. Nakayama |
| Tracy Murakami<br>for respondent/respondent<br>appellee | /s/ Sabrina S. McKenna |
| | /s/ Richard W. Pollack |
| | /s/ Michael D. Wilson |



---

[11]    Because Rita filed his first HRPP Rule 40 petition <u>pro se</u>, his claim that he was unaware that his indictment was fatally defective at that time, suggests that Rita did not have any opportunity to raise this issue previously.  This further indicates that Rita did not waive this claim.  <u>See</u> <u>De La Garza v. State</u>, 129 Hawaiʻi 429, 443, 302 P.3d 697, 711 (2013); HRPP Rule 40(a)(3).